## IDA LAKE v. MARY E. NOLAN.

*Deed in fraud of rights of wife—Delivery—Evidence.*

1. The estate of a deceased grantor is not interested in a suit by the widow to set aside the deed and secure her dower interest in the land, and the grantee is not disqualified as a witness, under How. Stat. § 7545.

2. This case involves the question whether a deed from complainant's husband to his mother was delivered before or after his marriage, and upon a review of the testimony it is held that such delivery was made after the death of the husband, and that complainant is entitled to dower in the land.

Appeal from Jackson. (Peck, J.) Argued May 9, 1890. Decided May 16, 1890.

Bill to set aside a deed, and for partition of complainant's dower interest in the land. Complainant appeals. Reversed, and decree entered in this Court for complainant. The facts are stated in the opinion.

*S. M. Constantine* and *Loud & Price,* for complainant, contended:

1. In civil cases fraud need not be shown by direct proof. It may be, and generally is, presumed by inference from facts and circumstances; citing *O'Donnell v. Segar*, 25 Mich. 367; *Match v. Hunt,* 38 Id. 7; *Adair v. Cumin,* 48 Id. 375; and in equity

it includes all willful or intentional acts, omissions, and concealments which involve a breach of either an equitable or legal duty, trust, or confidence, and are injurious to another, or by which an undue or unconscientious advantage over another is obtained; citing 2 Pom. Eq. Jur. § 873.

2. Even though the deed was delivered before marriage, it being kept a secret from the wife, it was in fraud of her rights, and would not defeat her dower or homestead rights; citing How. Stat. § 5733; *Cranson v. Cranson,* 4 Mich. 230; *Miller v. Stepper,* 32 Id. 194–199; *Brown v. Bronson,* 35 Id. 415; *Taft v. Taft,* 59 Id. 185; *Burrall v. Bender,* 61 Id. 608.

*Thomas A. Wilson,* for defendant, contended:

1. Fraud will not be presumed, but must be established by the party alleging it by clear and satisfactory proof; citing *Gay v. Bidwell,* 7 Mich. 519; *Brown v. Dean,* 52 Id. 267; *Bumpus v. Bumpus,* 59 Id. 95; *Allison v. Ward,* 63 Id. 128; *Bostwick v. Benjamin,* Id. 289; *Blish v. Collins,* 68 Id. 542.

2. The defendant is the assignee or grantee of Horace Nolan, and complainant has no right, under the statute, to testify to anything equally within his knowledge; citing How. Stat. § 7545; *Hitchcock v. Moore,* 70 Mich. 112; *Buffum v. Porter,* Id. 623.

GRANT, J. This is a bill filed by complainant as the widow of Horace Nolan, deceased. Complainant and Horace were married December 5, 1880. He died June 20, 1881.

The defendant was the mother of Horace, and they were formerly tenants in common of the land; each owning an undivided one-half. July 1, 1881, the defendant placed upon record a quitclaim deed from Horace to her of the land in controversy, the consideration of which was expressed as one dollar, and love and affection for her. The deed and certificate of acknowledgment bear date October 7, 1880. It is claimed that this deed was not delivered by Horace during his life-time; that it was kept secret from complainant, and is in fraud of her rights; and she asks that it be set aside, and for partition of her dower interest.

81 MICH.—8.

Complainant and her husband did not live much together after their marriage. He was a railroad employé, and she lived with her father at Three Rivers, Mich. She did not at any time live with her husband at his mother's home, in Jackson. In January after their marriage, he went west, and returned to Jackson the following April, to his mother's, where he remained until his death. She did not go to see him until the day before he died, when, she says, she received word from him to come.

The deed itself was not produced, but only the record of it. The notary who took the acknowledgment of it had no recollection concerning the deed, as naturally he would not; but he says that the acknowledgment was undoubtedly taken the day it bears date, because he never dated acknowledgments otherwise. November 22, 1880, the defendant and Horace executed a mortgage upon this property for $250, which was duly recorded on the same day. Complainant testified that she had no knowledge of this deed until some time after her husband's death.

Upon the hearing, complainant's counsel demanded the production of the deed. This was not done, nor its loss accounted for. The register of deeds testified that the deed was taken from his office by Della Nolan, the daughter of defendant, who was present in court at the hearing, but was not called as a witness. Michael McQuillan, the brother of defendant, testified that he heard something about this deed after the death of Horace, and that he had never heard of it before. He denied having found it among Horace's papers after his death. R. Loud, a witness for complainant, testified that McQuillan told him that he found it among Horace's papers, and gave it to Mrs. Nolan. This is all the evidence upon the question of delivery, except that which is to be inferred from the recording of the deed.

The defendant was not called as a witness, and her counsel alleges as the reason therefor that her testimony would not have been admissible, under How. Stat. § 7545. In this, counsel is mistaken. The estate of Horace Nolan is in no wise interested in this controversy. The controversy is exclusively between an alleged grantee and the widow claiming her dower right. That the statute does not apply in such cases has been so often decided that it is needless to cite authorities.

Under the above statement of facts, it is evident that the decision of the case depends upon whether the deed was delivered before or after the marriage. That it was not delivered at its date is evident from the fact that Horace executed the mortgage upon the property nearly two months afterwards. The deed itself might have had an important bearing upon the question. Mrs. Nolan could have testified to its delivery, and accounted for its absence so long from the record. We think that complainant's evidence warranted the conclusion that the deed was not delivered until after her marriage, nor until after his death. In the absence of such important witnesses as were Mrs. Nolan and her daughter, and of the deed itself, it is fair to construe the evidence most strongly against her. We hold, therefore,—

1. That the deed was not delivered until after the death of complainant's husband, and that she is entitled to her dower.

2. That this is subject to a lien for the money paid by defendant upon the mortgage executed by complainant's husband.

3. That complainant and her husband never occupied the premises, and there is no evidence to show that they ever intended to make them a homestead, and that, consequently, she has no homestead rights in the property.

The decree of the circuit court is reversed, and a decree

entered in this Court for complainant, with costs of both courts.

The other Justices concurred.