### WELTON *v.* McBRIDE.

FRAUDULENT CONVEYANCES—CREDITOR'S BILL—EVIDENCE.

Upon a question of fact as to the fraudulent character of a debtor's transfer of land, a decree setting aside the deed in favor of a judgment creditor is *held* to be warranted.

Appeal from Chippewa; Steere, J. Submitted April 19, 1910. (Docket No. 71.) Decided July 14, 1910.

Bill by Guy D. Welton, trustee, against Thomas J. McBride and others to set aside a deed. From a decree for complainant, defendants appeal. Affirmed.

*Davidson, Hudson & Greene*, for complainant.

*Sharpe & Handy*, for defendants.

MOORE, J. This is a bill of complaint filed for the purpose of having a conveyance of real estate made, for an alleged consideration of $5,300, by Thomas McBride and Hannah McBride to Joseph T. Delaney set aside and subjected to the claims of the creditors of the firm of McBride & Bailey, of which last-named firm the defendant Thomas McBride was a member. The defendants John J. McBride and Mamie McBride have no interest in the proceedings except as the occupants of the land described in the conveyance. The trial was had in open court. From a decree in favor of complainant the case is brought here by appeal. The question involved is one almost wholly of fact. It is insisted by appellants that complainants have failed to make a case. All of the defendants answered, but none of them signed the answer personally; they all signed by their attorneys. None of the defendants appeared upon the trial, nor was the deposition of any of them taken and offered in evidence.

The record shows that the firm of McBride & Bailey commenced business in March, 1907, at Sault Ste. Marie, Mr. McBride contributing to the firm $5,000. Mr. Bailey was not able to contribute anything to the capital of the firm, but he was the working and managing member thereof. Mr. McBride reported himself to be worth at this time upwards of $20,000. He was engaged in lumbering operations. He had an interest in a harness business. He had a logging outfit, an interest valued at $2,000 in a land contract, and 180 acres of farming land, which it is claimed was worth upwards of $7,000, and which is the subject of this litigation. In June, 1908, judgments were taken against the firm of McBride &

Bailey to the amount of upwards of $6,000. Their assets inventoried about $19,000, and their debts were upwards of $15,000. At the request of McBride & Bailey a stay of execution without bond was granted upon the earlier of the judgments which aggregated about $4,500. Shortly before this stay expired McBride conveyed away all his property, and, the record shows, absented himself from Sault Ste. Marie except upon an occasional Sunday thereafter. The purchasers of the various properties before mentioned, except the grantee in the deed for the 180 acres of land, all appeared and showed they had in fact paid for the several properties they had purchased. The deed from McBride and his wife to Mr. Delaney was drawn by the attorneys for McBride & Bailey at the house of McBride. The grantee named therein was stated to be a resident of Montreal. The record satisfies us that the deed was delivered to the attorneys for McBride & Bailey and by them caused to be recorded, and, after it was recorded, was returned to them. In another proceeding the draughtsman of the deed testified that he did not know anything about the residence of Mr. Delaney.

The record discloses that, prior to the making of the deed, a son of Mr. McBride had been in possession of the farm, and that he continued in possession up to the time of the trial. From the proceeds of the sales made by Mr. McBride it appears that he paid none of the creditors of the firm. We have stated in the most general way what appears in the record. We think there was an abundance of testimony to justify the decree of the court. See *Berry* v. *Whitney*, 40 Mich. 65; *Lake* v. *Nolan*, 81 Mich. 112 (45 N. W. 376); *Ferris* v. *McQueen*, 94 Mich. 367 (54 N. W. 164); *Manhard Hardware Company* v. *Rothschild*, 121 Mich. 657 (80 N. W. 707).

The decree is affirmed, with costs.

OSTRANDER, HOOKER, BLAIR, and STONE, JJ., concurred.