UNION MUTUAL ACCIDENT ASSOCIATION

v.

LEWIS E. MILLER.

*Accident Insurance—Notice of Assessment—By-Laws—Instructions.*

In an action for indemnity under a certificate issued by an accident association, it is *held:* That the plaintiff was bound by the by-laws of the association; and that notice of an assessment sent by mail to the plaintiff's last given address was sufficient under such by-laws, although it was not, in fact, received.

[Opinion filed November 18, 1887.]

APPEAL from the Circuit Court of Sangamon County; the Hon. JAMES A. CREIGHTON, Judge, presiding.

Mr. JOHN M. HAMILTON, for appellant.

Mr. WILLIAM MITCHELL, for appellee.

WALL, J. The appellee recovered a judgment of $33 against appellant on a claim for indemnity under a certificate of membership issued to him by appellant.

It is a condition of this certificate that the holder shall be "subject to all the requirements and entitled to all the benefits thereof as provided in the by-laws." The by-laws provide

that the secretary shall give notice of assessments and of annual dues, " sending all such notices by mail to the last given post office address of each member, which shall be considered a legal notice."

The application gave the " post office address where notices are to be sent." There was evidence tending to show that notices of assessment were sent by mail to the appellee at the address given in the application, which notices he claimed he did not receive, and of course did not respond to, and the legal question involved is whether sending the notice by mail was binding and effective, although in fact it was not received. The court gave the following instructions at the instance of appellee:

" The court instructs the jury that if you believe from the evidence that the blank marked " A " is a copy of the application signed by Miller, upon which his policy or certificate was issued, then the mailing or delivering to the post office of a notice is not *prima facie* evidence of the receiving of such notice, and if the jury believe from the evidence in this case that the plaintiff (Miller), without negligence or fault on his part, failed to receive, and never did receive such notice, then he (Miller) is not bound thereby."

" The court instructs the jury that if they believe, from the evidence in this case, that it was the duty of this defendant to notify the plaintiff (Miller) when he was to pay an assessment, and that the defendant failed to notify him in accordance with the terms of the application signed by him, the policy or certificate, and by-laws of the Association, and that the plaintiff (Miller), without negligence or fault on his part, had no notice of any assessment upon or against him, then the plaintiff would not be in default for non-payment of such assessment."

We are of opinion the court erred in the view it thus indicated as to the rights of the parties. It is quite clear that appellee was bound by the by-laws and that the by-laws made the sending by mail a legal and sufficient notification whether in fact the notice was ever received or not.

The conventional mode, if followed, would be just as valid and effective to fix the rights of the parties in the one event

as the other.   There is nothing of harshness or unfairness in these terms.   The great mass of commercial and financial business of the country is done through the mail, and it is not an unreasonable condition that notice so sent should be considered duly served, and the parties having made this one of the conditions of their contract, should be required to abide by it.   May on Insurance, Sec. 562; Greely v. Iowa, etc., Co., 50 Iowa, 86; Covenant Mut. Ben. Ass'n v. Spies, 114 Ill. 463.

The judgment will be reversed and the cause remanded.

<em>Reversed and remanded.</em>