MAY BRENNAN, ADMINISTRATRIX, ETC., v. THE MICHIGAN CENTRAL RAILROAD COMPANY.

*Railroad companies—Injury to employé—Contributory negligence—Competency of witness.*

1. How. Stat. § 7545, as amended by Act No. 139, Laws of 1885, which excludes the testimony of any person who is or has been an officer or agent of a corporation, in a suit prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against the corporation, includes only those who are authorized, in the matter with reference to which testimony is given, to act for the corporation.[1]

2. A brakeman who voluntarily enters upon his employment, with notice, from a statement in a rule of the company and from his own observation, of a custom of the company to transport cars loaded with logs which project over the ends of the cars

[1] See *Lyttle v. Railway Co.*, 84 Mich. 289, 298.

in such a manner as to make the service more or less danger-
ous, is guilty of such negligence as will bar a recovery for in-
juries received while attempting to couple two of said cars, by
reason, as claimed, of such manner of loading.

Error to Jackson. (Peck, J.) Argued June 9, 1892.
Decided October 4, 1892.

Negligence case. Plaintiff brings error. Affirmed. The
facts are stated in the opinion.

*Loud & Price* and *William E. Ware*, for appellant.

*Parkinson & Day (Ashley Pond*, of counsel), for defend-
ant.

MONTGOMERY, J. Plaintiff, as administratrix of her
deceased husband, Thomas Brennan, sued to recover for
damages resulting from her husband's death, which it is
alleged was caused by the fault of the defendant. The
deceased was a brakeman, employed on the defendant's
railroad, and his death was caused by an injury received
while attempting to couple two cars loaded with logs.
The declaration averred that the defendant was in fault in
so loading the cars that logs were allowed to project over
the ends, making it unnecessarily dangerous for the brake-
man, and that this condition was known to the defendant, and
not known to the brakeman. The testimony tended to
show that the deceased was on his second or third trip on
the division on which he was killed; that on a siding north
of the station at West Bay City the conductor of the train
directed the trainmen, consisting of the engineer, fireman,
deceased, and another brakeman, named Wardwell, to back
into the yard, and get certain cars loaded with logs, while
the conductor stepped into the office to get his bills. It
was dark at the time, and the deceased had a lantern with
him. The logs were loaded several tiers high, and pro-
jected over the ends of the cars at various lengths, the

middle and upper tiers projecting out further than the lower tier. The testimony tended to show that there was projecting over the end of the lower outside log, next tó the side on which deceased stood, a sliver, about six inches long, about six inches wide at the base, and one and a half inches thick, and tapering to a point.

It is the theory of the plaintiff that, after deceased attempted to make the coupling by reaching between the ends of the logs, this projecting sliver caught him as he was attempting to rise, and that before he could extricate himself he received the injury which resulted in his immediate death. The defendant offered evidence tending to show that the deceased had been cautioned against the danger of coupling cars loaded with logs, and offered in evidence a rule of the company, which reads as follows:

"In the loading of lumber, rails, iron, and other articles of like nature, it will frequently happen that the same will project over the ends of flat, coal, or box cars. The attention of trainmen and switchmen is directed to this fact, and they are required to notice the manner in which such cars are loaded before attempting to couple or handle the same."

The rule also contained the following provision:

"Coupling by hands is strictly forbidden in all cases, and each yard master, switchman, brakeman, or other employé who may be expected to couple cars is required at all times to use a stick for that purpose. Sticks will be furnished on application to the train master of the division."

. It appeared by a writing over the signature of the deceased that he was furnished with a copy of the printed rules and regulations of the company upon entering the company's employ, with which he promised to make himself familiar, and to be governed thereby; and also that he had read over, in the presence of the assistant train master, rule 29, being the one above quoted.

It appeared by the testimony that the deceased was not using the stick furnished him by the company at the time of the injury.

The circuit judge directed a verdict for the defendant. We think this ruling was correct, under the holdings of this Court in *Mich. Cent. R. R. Co. v. Smithson,* 45 Mich. 212, and *Hathaway v. Railroad Co.,* 51 Id. 253. See, also, *Day v. Railway Co.,* 42 Mich. 523. The deceased had notice, not only from his observation, but also from the statement contained in this rule as to the custom of the company, that the company was transporting cars loaded with logs which projected over the end, making the service more or less dangerous. The case in this respect differs from *Dewey v. Railway Co.,* 52 N. W. Rep. 942.[1]

If it be assumed that it was the duty of the company to provide that the cars transported over its road should be loaded so as to render it safe for a brakeman to step in between the cars and make a coupling, the rule in question was notice to the deceased that the defendant company did not perform that duty, and yet he voluntarily entered upon the employment after having this notice. We fail to see on what principle it can be said that the company was negligent in permitting cars to be so loaded, and that it was not negligent for a brakeman to engage voluntarily in the company's service knowing that this duty was not performed.

If we are correct in this conclusion, it is not important whether the testimony of the conductor, Kane, and the brakeman, Wardwell, was competent as to conversations with the deceased the evening before the accident. They gave testimony tending to show that they cautioned him about coupling cars loaded with logs. This testimony is objected to, and is claimed to have been inadmissible

---

[1] Opinion withheld from publication officially, pending rehearing.

under the provision of 3 How. Stat. § 7545,[1] which reads:

"Nor, when any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation or its assigns, shall any person who is, or has been, an officer or agent of any such corporation be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person."

Were these witnesses officers or agents of the corporation, within the meaning of this statute? It is clear that they were not officers of the corporation. In what sense is the word "agent" employed? We think this section must be held to include only those who are authorized, in the matter with reference to which testimony is given, to act for the company. It is not claimed that in the conversation alluded to either Kane or Wardwell represented the company, or had authority to speak for the company. We think no error was committed in receiving their testimony.

The judgment should be affirmed, with costs.

The other Justices concurred.

[1] How. Stat. § 7545, as amended by Act No. 139, Laws of 1885.