| | |
|---|---|
| 121 | 263 |
| s127 | 388 |
| 121 | 263 |
| s80ɴᴡ | 6 |
| 129 | [2]341 |
| 121 | 263 |
| 145 | [2]642 |

WALLACE *v.* FRATERNAL MYSTIC· CIRCLE.[1]

1. MUTUAL BENEFIT SOCIETIES—SUIT ON CERTIFICATE—EVIDENCE—MATTERS WITHIN DECEDENT'S KNOWLEDGE—AGENCY.

> An agent of a benefit society who is not charged with any duty with respect to giving notices of assessments is not precluded from testifying, in an action for death benefits, to an admission by deceased of the receipt of notice of an assessment; the statute (3 How. Stat. § 7545) prohibiting an agent of a corporation from testifying as to matters equally within the knowledge of deceased operating to exclude the testimony of such agents only as were authorized to act in the matter to which the testimony relates.

2. SAME— BY-LAWS — LOCAL LODGES — NONPAYMENT OF ASSESSMENTS—WAIVER.

> A mutual benefit society which lays upon the local lodges the duty of collecting assessments, giving them full power in respect thereto, including the right to reinstate members suspended for nonpayment, without notice to the supreme lodge of such reinstatement if made within 90 days after suspension, cannot defeat an action for death benefits by showing that a by-law of the society provided that assessments should be paid within 20 days after notice, or the member stand suspended from beneficial membership, and that the deceased had been in arrears in his last assessment for 40 days prior to his death, where it appears that the lodge of which deceased was a member had induced its members to believe, through a long-continued practice of receiving assessments after due without declaring a forfeiture, that a delay of less than 90 days would not imperil their rights.

Error to St. Clair; Vance, J.    Submitted June 7, 1899. Decided September 19, 1899.

*Assumpsit* by Christine Wallace against the Fraternal Mystic Circle on a certificate of insurance.    From a judgment for defendant, plaintiff brings error.    Reversed.

---

[1] Rehearing denied October 7, 1899.

*Frank Whipple,* for appellant.

*Avery Bros. & Walsh,* for appellee.

MOORE, J. The plaintiff is the beneficiary named in an insurance certificate issued to her husband by the defendant. After the death of the husband, the defendant denied any liability because the husband had failed to pay the last assessment made before his death, and the plaintiff brought this suit. The case was tried by a jury, who returned a verdict in favor of defendant. The plaintiff brings the case here by writ of error.

The errors which it is necessary to discuss in this opinion relate to the admission of testimony and the charge of the court. The insurance certificate was issued in January, 1886. It provided, among other things, that it was issued—

"Upon condition that said member complies, in the future, with the laws, rules, and regulations now governing the said Ruling and fund, or that may hereafter be enacted by the Supreme Ruling to govern said Ruling and fund. These conditions being complied with, the Supreme Ruling of the Fraternal Mystic Circle hereby promises and binds itself to pay out of its benefit fund to Christine Wallace, his wife, a sum not exceeding three thousand dollars, in accordance with and under the provisions of the laws governing said fund, upon satisfactory evidence of the death of said member; or a sum not exceeding fifteen hundred dollars, in accordance with and under the provisions of the laws governing such fund, upon satisfactory evidence of the total disability of said member, and upon the surrender of this certificate: *Provided,* that said member is in good standing in this order at the time of said death or total disability."

Section 1, art. 1, of the constitution, conferred upon the Supreme Ruling power to make its own constitution, laws, and rules for the government of the whole order. Section 5, art. 3, provided:

"Local bodies, to be denominated 'Subordinate Rulings,' shall be formed for the convenience of members, and to aid in carrying out the beneficial and social objects of the order, in any city or town in any of the States or

Territories of the United States or Canada, subject to such restrictions by the Supreme Ruling as may be deemed necessary by reason of malarious, epidemic, or other unhealthy influences."

Another article provided for a table of assessment rates. It was then provided:

"LAW 4.   Sec. 3.   A Subordinate Ruling having been notified by the supreme recorder that an assessment has been laid, it shall be the duty of the worthy collector thereof to at once notify each member thereof liable to an assessment.   This notice shall bear the official seal of the Ruling, and its date shall be same as that of the notice received from the supreme recorder.   *   *   *   Each member shall pay the amount due as per the notice so given within twenty days from the date thereof, and any member failing to pay such assessment within twenty days shall stand suspended from beneficial membership, and shall not be entitled to any benefits thereunder; in which case the worthy collector shall immediately notify the worthy ruler of the date of such suspension, and the worthy ruler may announce the suspension at the next meeting of the Subordinate Ruling:   *Provided*, that the Subordinate Ruling may authorize the payment of the member's assessment as a loan or gift from its general fund, but payment thereof must be made to the worthy collector within the twenty days prescribed in the call.

"LAW 5. *Suspended Members.*   Section 1.   Whenever a member is suspended for nonpayment of assessments, he may be reinstated at any time within three months from the date of suspension, by signing a 'certificate of health,' on a blank furnished by the Supreme Ruling, and by the payment of all arrearages to the Subordinate Ruling and benefit fund assessments which would have been due from him had his membership not been suspended. If he applies for reinstatement after more than three months of suspension, he shall also furnish a new medical examination of the form prescribed for persons applying for new membership, which must be approved by the supreme medical director before he can be reinstated."

"LAW 13.   Section 1.   The Subordinate Rulings shall remit their *per capita* tax and semi-annual reports to the supreme recorder, in accordance with blanks furnished, on or before the first meeting of the Subordinate Ruling in July and January of each year, but not later than the twenty days after the 1st day of July and January."

Under the laws of the order, it was the duty of Mr. Wallace to pay dues at the time of his death at the rate of 75 cents a quarter, and $2.62 on each assessment. The first assessment after he joined the order was the fourth one. He paid it, and all others made up to and including the twentieth. Of the 17 payments made by Mr. Wallace, but 5 of them were made on or before the day mentioned in the notice of assessment. The other 12 were made and received after the time mentioned in the notice of assessment had expired, and some of them after a considerable period of time had elapsed. What was true of Mr. Wallace in this respect was true of a good many of the other members. Assessment No. 21 was laid June 11th. It is claimed by defendant that proper notice was given to Mr. Wallace, and that he failed to pay the same, and was suspended July 18th. His suspension does not appear of record in such a way as not to need parol evidence to make proof of it. August 9th Mr. Wallace paid his quarterly dues, amounting to $1.50. He died August 11th. It is the claim of the plaintiff that it is not shown by competent evidence that he ever received notice of assessment No. 21, and for that reason it was not paid. This brings us to the first question necessary to be discussed.

The deposition of Dr. Whitney, who had been an officer of the Subordinate Ruling, was taken, and he testified, in substance, that Mr. Wallace admitted to him he had received the notice, but did not intend to pay the assessment then, because it was not necessary; that the insurance was good if the assessment was not paid then; that Dr. Whitney assured him, if the assessment was not paid, he would be suspended, but Mr. Wallace thought not, and said he would wait until he got ready. It is insisted that this testimony was incompetent, as coming within the provisions of 3 How. Stat. § 7545, which prohibits an officer or agent of a corporation from testifying in relation to a matter equally within the knowledge of the deceased; counsel citing *Krause* v. *Assurance Society*, 99 Mich.

461. We do not think it can be said that Dr. Whitney was an officer of the Supreme Ruling. Was he its agent? The record does not disclose that it was his duty to give or serve the notice. It does not show he had any duty in that respect. If it had, we think his testimony would not have been competent. It was said in *Brennan* v. *Railroad Co.*, 93 Mich. 156: "We think this section must be held to include only those who are authorized in the matter with reference to which testimony is given to act for the company." We do not think the admission of this testimony was error.

The court was asked to charge the jury as follows:

"It is claimed by plaintiff that several assessments, duly made, and of which Mr. Wallace was duly notified, were not paid at the date mentioned as the last day of payment, but the money was afterwards—and in one case, at least, more than two months after it had become due—received by the Local Ruling without declaring a suspension, or taking action thereon. If you find that the officers of the Local Ruling here, by a long-continued course of conduct, misled Mr. Wallace respecting the payment of his dues and assessments, and have caused him to believe that a strict performance on his part would not be exacted, that a delay in payment would not affect his standing or interest in the fund, the order cannot now insist on a forfeiture, but has waived a strict compliance with the rules and regulations."

Several requests of a like character were preferred, all of which were refused. The court charged the jury as follows:

"That brings us to this proposition: That if Mr. Wallace received a notice of assessment No. 21, and failed to make a payment, which he did fail to make within the time specified in the notice, which was July 1, 1889, then he stood, under the laws of the order, suspended; and that payment not being made, and he not being reinstated, so as to become in good standing in the order, his beneficiary would not be entitled to recover under this certificate. By the terms of the certificate, and the application, which is made part of it, he agrees to be bound by the laws of the order as they then stood, or might thereafter

be enacted. He was bound to know the law; he was bound to know, when he entered into that contract with this association, that failure to pay within the time specified in that notice would work a suspension of his certificate, and that, if he died while he stood suspended in that manner, his beneficiary would not be entitled to recover under this benefit certificate."

It is insisted the charge of the judge is fully warranted by the following authorities: *Borgraefe* v. *Knights of Honor*, 22 Mo. App. 127; *Covenant Mutual Benefit Ass'n* v. *Spies*, 114 Ill. 463; *Greeley* v. *Insurance Co.*, 50 Iowa, 86; *Lothrop* v. *Insurance Co.*, 2 Allen, 82; *Pitts* v. *Insurance Co.*, 66 Conn. 376; 2 Bac. Ben. Soc. & Life Ins. (2d Ed.) § 385; Nibl. Acc. Ins. & Ben. Soc. (2d Ed.) § 289; *Supreme Lodge Knights of Honor* v. *Keener*, 6 Tex. Civ. App. 267; *Freckmann* v. *Supreme Council Royal Arcanum*, 96 Wis. 133; *Hansen* v. *Knights of Honor*, 140 Ill. 301, 306, 307; *Bosworth* v. *Aid Society*, 75 Iowa, 582; *Grand Lodge A. O. U. W.* v. *Jesse*, 50 Ill. App. 106, 108; *Yoe* v. *Benevolent Ass'n*, 63 Md. 86, 90, 92. If the element of waiver is left out of consideration, nearly all of these authorities sustain the proposition laid down by the learned judge; but we regard the matter of waiver as a very important element in the disposition of this case. It will be observed that the Supreme Ruling kept no account with the individual members. When it laid the assessment, the assessment itself was collected by the Subordinate Ruling. The collection of the assessments was left wholly to it. The Local Ruling had full power to reinstate members, and, if the reinstatement was made within three months, it was not necessary to consult the Supreme Ruling in any way. It is competent to provide when a forfeiture shall occur, but forfeitures may be waived. They are not favored by the law, and, if the facts are as claimed by the plaintiff, it would be inequitable and unjust to insist upon a forfeiture in this case. 2 Bac. Ben. Soc. & Life Ins. (2d Ed.), at section 433, states the rule as follows:

"If the company has, by its course of conduct, acts, or declarations, or by any language in the policy, misled the insured in any way in regard to the payment of premiums, or created a belief on the part of the insured that strict compliance with the letter of the contract as to payment of the premium on the day stipulated would not be exacted, and the insured in consequence fails to pay on the day appointed, the company will be held to have waived the requirement, and will be estopped from setting up the condition as cause for forfeiture.   In determining whether there has been a modification of the terms of the policy by subsequent agreement, or a waiver of the forfeiture incurred by the nonpayment of the premium on the day specified, the test is whether the insurer, by his course of dealing with the insured, or by the acts and declarations of his authorized agents, has induced in the mind of the insured an honest belief that the terms and conditions of the policy, declairing a forfeiture in event of nonpayment on the day and in the manner prescribed, will not be enforced, but that payment will be accepted on a subsequent day or in a different manner; and when such belief has been induced, and the insured has acted on it, the insurer will be estopped from insisting on the forfeiture."

See *Jones* v. *Assurance Co.*, 120 Mich. 211.

Another authority states the rule as follows:

"If the practice of a society and its course of dealing with its members, known to the insured, have been such as to induce a belief that so much of the contract as provides for a forfeiture in a certain event will not be insisted on, the society will not be permitted to set up such forfeiture as against one in whom their conduct has induced such belief." Nibl. Acc. Ins. & Ben. Soc. (2d Ed.) § 299, p. 560.

See *Mueller* v. *Grand Grove U. A. O. D.*, 69 Minn. 236; *Mee* v. *Bankers' Life Ass'n*, Id. 210; *Moore* v. *Order of Railway Conductors*, 90 Iowa, 721; *Railway Conductors' Benefit Ass'n* v. *Tucker*, 157 Ill. 194.

We think the court erred in his charge to the jury, and should have instructed them as requested by counsel for plaintiff.

Judgment is reversed, and new trial ordered.

The other Justices concurred.