HENNING *v.* RIEGLER WATER WELL DRILLING, INC.

1. MASTER AND SERVANT—LOANED SERVANT—VERDICT OF JURY—EVIDENCE.

Determination of jury that deponent was the servant of defendant, not a servant loaned to plaintiff, at time latter sustained injury incident to changing pumps at well of plaintiff's customer, submitted to jury under conflicting testimony on the issue *held*, not contrary to the great weight of the evidence, especially in view of the testimony that deponent had been an employee of defendant for many years, defendant's tools were used in the operation, and deponent was directing the operation.

2. WITNESSES—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED —EMPLOYEES.

Plaintiff was not precluded from testifying as to matters equally within knowledge of defendant's employee who had died after plaintiff had sustained injuries and before the trial. as the pertinent statute, which does not mention employees, does not extend to employees of an opposite party (CL 1948, § 617.65).

3. SAME—MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—EMPLOYEES—OTHER CORPORATE OFFICERS.

Testimony of plaintiff in his action against defendant corpora-

---

REFERENCES FOR POINTS IN HEADNOTES

[1] 35 Am Jur, Master and Servant §§ 18, 599.
[2] 58 Am Jur, Witnesses § 309.
[3] 58 Am Jur, Witnesses §§ 309, 313.
[4] 16 Am Jur, Depositions § 125.
[5] 38 Am Jur, Negligence § 345.
[6] 38 Am Jur, Negligence § 369.
[7] 38 Am Jur, Negligence § 372.
[8] 15 Am Jur, Damages §§ 211, 213.
Excessiveness of verdict in action by person injured for injuries not resulting in death.   46 ALR 1230; 102 ALR 1125; 16 ALR2d 3.
[9] 20 Am Jur, Evidence § 405.
[10] 3 Am Jur, Appeal and Error § 888.

tion was not barred because it related to matters equally within the knowledge of person now deceased (1) because if the deceased were an employee, the so-called dead-man's statute did not apply and (2) if deceased were an officer or agent of the corporation, the matter sought to be excluded was also within the knowledge of other officers of the corporation (CL 1948, § 617.65).

4. DEPOSITIONS—DISCOVERY—DEATH.

Discovery deposition which had been taken while defendant corporation was represented, from a witness who, if living, might have been called as a witness was properly received in evidence (Court Rule No 35, § 6, subd [d] [1945]).

5. NEGLIGENCE — WELLS — PUMPS — CONTRIBUTORY NEGLIGENCE — EVIDENCE.

Evidence, presented in plaintiff's action for injuries received while assisting defendant's employee in changing pumps at a well, *held,* insufficient to support finding that either defendant's employee was guilty of negligence or that plaintiff was guilty of contributory negligence as a matter of law, where issues of fact with reference to negligence and proximate cause were raised and were properly for determination by the jury.

6. SAME—INSTRUCTIONS—REQUEST TO CHARGE.

Charge given jury in plaintiff pump seller's action against defendant well service company for negligent injuries, when taken in its entirety *held,* not open to objection, where it fairly presented the matters in dispute and the general charge substantially covered appellant's requests to charge, although not in the exact language of the requests.

7. APPEAL AND ERROR—VERDICTS—GREAT WEIGHT OF EVIDENCE.

Verdict for plaintiff, a pump salesman, against pump and well service company for negligent injuries *held,* not against the great weight of the evidence.

8. DAMAGES—EXCESSIVE VERDICT—PAIN AND SUFFERING—BROKEN JAW—NECK INJURY.

Verdict of $7,500 to plaintiff *held,* not excessive, where he sustained a severe facial injury, a slipping, or subluxation, of vertebrae in the neck which caused pain and suffering and testimony indicates it will be permanent, experienced double vision for 5 or 6 months after the accident, a broken jaw requiring surgical treatment, and headaches, as damages for such injuries rest in the judgment of the jurors as to what constitutes fair compensation.

9. EVIDENCE—BEST EVIDENCE—PERSONAL KNOWLEDGE OF WITNESS.
   The "best evidence" rule does not bar testimony based upon a
   witness' personal knowledge of the matters as to which he
   testified.

10. APPEAL AND ERROR—VERDICT—INSTRUCTIONS.
    Neither bias nor prejudice on the part of the jury *held*, to have
    resulted by reason of anything which occurred during trial of
    action for negligent injuries, where verdict does not appear
    to have been obtained by improper methods and issues as
    to liability and damages were carefully submitted by trial
    judge under charge in which no error is found.

Appeal from Muskegon; Beers (Henry L.), J.
Submitted April 7, 1960. (Docket No. 33, Calendar
No. 47,926.) Decided June 7, 1960. Rehearing de-
nied July 11, 1960.

Case by Edgar L. Henning against Riegler Water
Well Drilling, Inc., a corporation, for injuries sus-
tained through negligence of defendant's employee
while engaging in well alteration and pump installa-
tion. Verdict and judgment for plaintiff. Defend-
ant appeals. Affirmed.

*Alexander, Cholette, Buchanan, Perkins & Conk-
lin* (*Paul L. Greer* and *Don V. Souter,* of counsel),
for plaintiff.

*Mitts, Smith, Haughey & Packard,* for defendant.

CARR, J. This case has resulted from an accident
occurring on November 13, 1954, in which plaintiff
sustained physical injuries. His claimed right for
damages was based on allegations in his declaration
that the accident occurred, and the consequent in-
juries were suffered, as a result of the negligence
of an employee of defendant corporation. Defend-
ant by its answer denied that there was negligence
on the part of the alleged employee, further assert-

ing with reference thereto that the employee charged by plaintiff as responsible for the accident was at the time thereof loaned by defendant to plaintiff and, hence, was an employee of the latter. The case was tried before a jury to which was submitted the factual issues in dispute between the parties. Verdict in favor of plaintiff in the sum of $7,500 was returned, defendant's motion for judgment notwithstanding the verdict was denied, and judgment was entered accordingly. Defendant then filed a motion for a new trial which was also denied. From the judgment entered, and the denial of the motions, defendant has appealed.

The accident in question was somewhat unusual in nature. The parties are not in accord as to the responsibility for the occurrence, nor as to preliminary dealings between the parties. At the time, and for several years prior thereto, defendant corporation was engaged in the business of selling water pumps in Muskegon county. Plaintiff was also engaged in selling pumps and installing them. It appears that prior to the date of the accident some negotiations were had between defendant and plaintiff with reference to the latter purchasing from defendant pumps for which he had purchasers and orders for installation. It was the claim of the plaintiff on the trial that in the course of their negotiations, which resulted in an agreement whereby plaintiff was to handle defendant's pumps, he was assured by a representative of defendant that in the event of trouble in connection with work of installation defendant would take care of the necessary service and install any pump that plaintiff sold. On behalf of defendant a continuing agreement to render such service was denied.

The record discloses that plaintiff sold a pump to a customer for use in a well. Said customer and plaintiff installed a pipe some 63 feet in length to

which they attached a so-called jet pump which failed to work. In consequence, plaintiff called defendant and in talking with its representative explained the situation and suggested that a different type of pump should be installed. According to plaintiff's version of the conversation he asked that defendant send somebody "with another deep well rod pump and install it for me", and that he was assured that someone would come to render the requested service "right away or the next morning". On behalf of defendant it was testified by its representative that plaintiff inquired if defendant had "a man that could come up here and help me install this rod pump and take the jet pump out", that plaintiff was told that defendant had such an employee and that, pursuant to plaintiff's request, a man named Earl Bourdon, who had been in defendant's employ for many years, was directed to go to plaintiff's home and accompany him to the place where it was desired to remove the installed pump and replace it with a different type. It is conceded that the defendant sold to plaintiff a rod pump for the replacement.

Mr. Bourdon followed the instructions given to him, and he and plaintiff removed the unsatisfactory pump preparatory to replacing it. The equipment necessary to be used in the operation was taken to the place by Mr. Bourdon and there unloaded. Included was a timber pry pole, a clamp or vise, and a chain. Having removed the jet pump, the drawing from the well of the pipe to which said pump had been attached was attempted. The upper end of said pipe was in a pit approximately 4 feet square and 3–1/2 feet in depth, which the owner of the property had caused to be prepared as a part of the project. One end of the chain was fastened around the pry pole, which was operated on blocks, and Mr. Bourdon went down into the pit and there

attached the chain to the pipe, using a clamp or vise for that purpose. Plaintiff then proceeded to press down on the pry pole in the attempt to start the pipe. The efforts resulted in some progress in the removal operation. It was plaintiff's claim that the pipe was brought out of the ground approximately 14 or 15 feet, and that he was then told by Mr. Bourdon to release pressure on the pole so that a length of the pipe could be removed. Plaintiff testified that he followed the direction given and placed the pole on the ground. According to his version of what happened next, he turned around on hearing a rattling of the chain and was struck under the chin by the pry pole. Apparently it was plaintiff's theory on the trial of the case that Mr. Bourdon either loosened the clamp or permitted it to become loose, that the pipe slipped somewhat, and that the sudden thrust of the pry pole resulted. Testimony was given by a witness skilled in such operations to the effect that such result could not have occurred if the clamp had not been loosened, or permitted to become in that condition.

The deposition of Mr. Bourdon was taken by plaintiff for purposes of discovery under Court Rule No 35, § 6 (1945),* and was offered in evidence on the trial, Mr. Bourdon having previously died. As appears from the deposition, Mr. Bourdon was examined at some length by counsel representing the respective parties and gave his version of what occurred in connection with the work of attempting to remove the pipe from the well. He stated in substance that the pipe did not go down but that the chain came loose. Counsel for defendant objected to the introduction of the deposition, but it appears that to some extent, at least, both parties rely thereon. That plaintiff sustained rather severe facial

* Added 1952. See *post*, 296.—REPORTER.

injuries is not in dispute, but appellant insists that the amount of the damages awarded by the verdict of the jury was excessive.

It is the claim of defendant on appeal that Mr. Bourdon was shown by the great weight of the evidence in the case to have been the employee of the plaintiff at the time the accident occurred, and that, in consequence, if there was in fact negligence on the part of said employee, defendant was not responsible therefor. The trial court submitted the issue to the jury which manifestly accepted plaintiff's version of the arrangement between the parties and, likewise, his claim as to the purpose for which Mr. Bourdon was sent to the place where the water pumps were to be exchanged. In view of the contradictory nature of the testimony relating to the matter a jury question was presented. It rested with the trier of the facts to evaluate the proofs and to determine the dispute accordingly. It may not be said that the finding of the jury was contrary to the great weight of the evidence.

The charge given by the trial judge presented clearly and definitely the claims of the parties. Our examination and consideration thereof lead us to the conclusion that it was not open to objection on the part of the defendant. See *White* v. *Bye,* 342 Mich 654, in which the legal principles applicable in the determination of an issue with reference to the loaning of an employee were discussed at some length. It may be noted in passing that Mr. Bourdon's testimony as set forth in his deposition indicates rather clearly that he was directing the work of removing the pipe from the well. It is also significant that defendant furnished the tools and equipment necessary to be used in the exchange of the pumps. To some extent the manner in which the work was handled tended to corroborate the claim

of the plaintiff as to the understanding and agreement between him and defendant.

Defendant further contends, as in the trial court, that the Bourdon deposition should not have been received in evidence, particularly in view of deponent's death prior to the trial, and that the court was in error in permitting plaintiff to testify as to matters equally within Mr. Bourdon's knowledge. Attention is directed to CL 1948, § 617.65 (Stat Ann § 27.914), which provides in part that:

"And when any suit or proceeding is prosecuted or defended by any corporation, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of a deceased officer or agent of the corporation, and not within the knowledge of any surviving officer or agent of the corporation, nor when any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation (or its assigns) shall any person who is or has been an officer or agent of any such corporation be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person."

Apparently the objection rests, in part at least, on the theory that Mr. Bourdon was an officer or agent of defendant corporation and represented it in some way in dealings with the plaintiff. It will be noted that the inhibition of the statute makes no reference to employees. If, therefore, Mr. Bourdon was an employee only, rather than an agent, the statute did not apply. No claim is made that he had anything to do with the making of any contractual undertaking between plaintiff and defendant. He was given instructions by the latter with reference to the work of removing the jet pump and substitut-

ing a rod pump, sold by defendant, therefor. The duties entrusted to him involved merely manual labor which, due to his many years of experience as an employee of defendant, he was well qualified to perform. The conclusion may not be avoided that his status was that of an employee and that, in consequence, the statutory provision above quoted was not applicable. Such was the holding of this Court in *Waldbauer* v. *Michigan Bean Co.,* 278 Mich 249, 253, where it was said:

"The witness was an employee and not an officer or agent of the corporation in any respect. His testimony was competent. *Brennan* v. *Michigan Central R. Co.,* 93 Mich 156; *Krause* v. *Equitable Life Assurance Society of the United States,* 105 Mich 329; *Wallace* v. *Fraternal Mystic Circle,* 121 Mich 263; *Storrie* v. *Grand Trunk Elevator Co.,* 134 Mich 297; *Rousseau* v. *Brotherhood of American Yeomen,* 177 Mich 568."

It is a fair conclusion also that some of the matters to which Mr. Bourdon testified in his deposition were within the knowledge of officers of the corporation, and had the deponent been an officer or agent the statute would not have barred plaintiff's testimony as to such matters. *Lawson-Erb Lumber Co.* v. *Graham Paige Co.,* 283 Mich 252, 257.

The claim that plaintiff was not entitled to offer in evidence the deposition of Mr. Bourdon is not well founded. Had the deponent been living at the time of the trial he might have been called as a witness. The taking of his deposition was authorized by Michigan Court Rule No 35, § 6 (1945).* Subdivision (d) of said section provides that:

"At the trial or upon the hearing of a motion or an interlocutory proceeding, any part or all of a

* Added 1952, amended 1958. See 334 Mich xl, 352 Mich xvii.—RE-PORTER.

deposition, so far as admissible under the rules of evidence, may be used against any party who was present or represented at the taking of the deposition or who had due notice thereof, in accordance with any one of the following provisions:   *   *   *

"(3) The deposition of a witness, whether or not a party, may be used by any party for any purpose if the court finds:   *   *   *   (b) that the witness is dead."

Defendant corporation was represented at the taking of the deposition of Mr. Bourdon, and it was properly received in evidence on the trial. We find no error with reference thereto.

Under the conflicting proofs in the case it may not be said that defendant's employee was guilty of negligence, or that plaintiff was contributorily negligent, as a matter of law. Issues of fact with reference to negligence and proximate cause were raised and were properly for determination by the jury. The charge given by the trial court fairly presented the matters in dispute and, considered in its entirety, was not open to objection. Appellant complains that certain requests were not given, but we find that they were substantially covered in the general charge and that defendant was not prejudiced by the omission to advise the jury in the exact language of the requests. Neither may it be said that the verdict rendered was against the great weight of the evidence.

The verdict of the jury is not open to objection on the ground that the amount thereof was excessive under the proofs. That plaintiff sustained a severe facial injury is not open to question. He underwent pain and suffering as a result of his physical injuries, and the treatment thereof. There was medical testimony indicating a slipping, or subluxation, involving the 4th and 5th vertebrae in the neck, that such condition caused pain, and that it would be

permanent in nature. Plaintiff was afflicted with double vision for a period of 5 or 6 months following the accident. He sustained a broken jaw which required surgical treatment, and which caused pain. He was subject to headaches. The award of damages for such injuries rested in the judgment of the jurors as to what amount would constitute fair compensation therefor. *Teeter* v. *Pugsley,* 319 Mich 508.

It was also plaintiff's claim, supported by his testimony, that he was damaged because of inability, resulting from his injuries, to pursue his business activities. Complaint is made by appellant that the court was in error in receiving plaintiff's testimony with reference to such damages over the objection that the records kept by him were the best evidence. We think such issue is determined adversely to appellant's contention by the decision of this Court in *Couyoumjian* v. *Brimage,* 322 Mich 191. The application of the "best evidence" rule did not bar the testimony based on plaintiff's personal knowledge of the matters to which he testified. The various items to be considered by the jury in fixing the amount of its verdict, including medical and hospital bills, were carefully submitted by the trial judge, and we find no error in the charge as given. Neither is there anything in the record before us suggesting that the verdict was obtained by improper methods or that anything occurred during the course of the trial that might have resulted in bias or prejudice on the part of the jury.

We are impressed that the case was fairly tried, that no error prejudicial to appellant occurred in the course thereof, and that the verdict rendered was within the scope of the proofs. The judgment from which the appeal has been taken is affirmed, with costs to plaintiff.

DETHMERS, C. J., and KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.