## WEDGE v. ZBIKOWSKI.

1. Automobiles—Instruction—Evidence.

   Instruction to jury in actions for injuries to 2-year-old boy that defendant motorist had made 3 or 4 trips between back of his car and boat dock, that he made observation and no children were in sight or hearing then or when he left the back of his car to get into the driver's seat *held*, a fairly drawn characterization of defendant's testimony, it appearing the child was run over after car had been backed up some 6 feet in narrow 1-track roadway closely overgrown with weeds and low brush sufficient to hide a small child.

2. Trial—Request to Charge—Instructions.

   The rejection of a long request to charge in argumentative or near-argumentative form is not error, where the court in a connected charge of his own covers the whole case and lays down the law as requested or lays it down correctly.

Appeal from Oakland; Holland (H. Russel), J. Submitted January 6, 1961. (Docket Nos. 24, 25,

---

References for Points in Headnotes

[1] 5A Am Jur, Automobiles and Highway Traffic § 1091.
[2] 53 Am Jur, Trial § 552.

Calendar Nos. 48,632, 48,633.)   Decided February 28, 1961.

Consolidated cases by Donald Wedge and Donald Frederick Wedge, a minor, against Eugene Zbikowski, for personal injuries and medical expense resulting when 2-year-old boy was struck by backing automobile on narrow resort cottage road. Verdicts and judgments for defendant. Plaintiffs appeal. Affirmed.

*Marcus, Kelman, Loria, McCroskey & Finucan* (*George L. Downing,* of counsel), for plaintiffs.

*Garan, Lucow & Miller* (*Albert A. Miller,* of counsel), for defendant.

PER CURIAM. These consolidated suits for negligence were tried to a jury. The jury returned a verdict for defendant, upon which verdict judgment was entered. Plaintiffs appeal.

The principal suit is brought by an infant child, through his guardian, for personal injuries sustained when defendant backed his car over the child's right leg. The other suit, brought by the child's father, is derivative.

The little boy was 2 years of age at the time. He lived with his grandparents in a summer cottage facing the shore of Saginaw bay, near Caseville. The defendant lived with his family in a nearby cottage, and seems to have been devoting much of his time to fishing by means of a boat which he kept moored to a small dock in the vicinity of the above and other like cottages. The only means of motorcar access to the waterfront, and to the dock, was a narrow 1-track roadway (called a "private easement") which paralleled the shore of the bay between the cottages and the shore. The photographic ex-

hibits show that both sides of the roadway were closely overgrown with weeds and low brush sufficient to hide from view a small child who might be making his way through same, and that the cottage area was heavily wooded.

On the day in question defendant, preparing to go fishing, put his gear into the trunk of his car and drove over the deadend roadway to the point where the dock extended from the shore. He unloaded the gear and placed it on the dock, making for such purpose 3 or 4 trips to and from the rear of the car, and then undertook to back the car some 75 to 100 feet in the direction of his cottage, there being no nearby place to turn it around. He backed some 6 feet only, at which time he felt a "bump" and "heard this scream." The car was stopped immediately. Defendant learned then for the first time that a small child was in the vicinity and that he had been run over.

All parties agree that the question of actionable negligence was one for jury determination. The only questions for review relate to the trial judge's charge.

The first specification of error is that the trial judge erred in instructing the jury as follows:

"The defendant asserts that in going back and forth to the trunk some 3 or 4 times that he made observation and that there were no children in sight or hearing and that when he left the back of his car to get into the driver's seat, that no children were in or near the rear of his car or in sight or hearing."

Plaintiffs assert that no evidence justified the court's charge "that in going back and forth to the trunk 3 or 4 times that he made observation." We find that defendant's testimony is fairly susceptible of the court's quoted characterization thereof and that the jury was justified in concluding, from such testimony, that no child was in sight, at or near the

rear of the car, when defendant was engaged in transferring his gear to the dock and when he entered the driver's seat preparatory to making the reverse trip.

The next allegation of error is that the trial judge erred in refusing to grant plaintiffs' somewhat lengthy request to charge No 2. The request presents plaintiff's theory of recovery in argumentative or near-argumentative form. The requisite substance thereof was fairly given to the jury in words of the trial judge. In such case there is no error. *Fowler* v. *Hoffman,* 31 Mich 215; *Fraser* v. *Jennison,* 42 Mich 206; *Ferries* v. *Copco Steel & Engineering Co.,* 344 Mich 345; *Schattilly* v. *Yonker,* 347 Mich 660; *Henning* v. *Riegler Well Drilling,* 360 Mich 288.

"The judge also acted wisely in refusing all the plaintiff's requests for instructions, and in giving a connected and intelligent charge covering the whole case. This is the safe and proper course to be taken in every instance; for a multitude of instructions given or refused in the language of counsel must generally fail to give the jury a clear understanding of the law which they are to accept as their guide. No one can complain of the refusal of his instructions, if the charge as given covers the ground, and lays down the law as was requested, or lays it down correctly." COOLEY, J., in *Fowler* v. *Hoffman, supra,* p 221.

Plaintiffs' final allegation is that the trial judge erred in refusing to grant their request to charge No 4, reading as follows:

"I instruct you that plaintiff has charged the defendant with essentially 2 things which plaintiff contends are negligence:

"(1) Failure to make proper observation before backing up and

"(2) Failure to make proper observation while backing up.

"If you find that the defendant failed in either respect or both to make the observation that a reasonable person would have made under the circumstances and that either failure or both contributed proximately to producing the child's injury, then you must find for the child, Donald Frederick Wedge, Jr."

Here, too, considering what we have said upon the rule of *Fowler* v. *Hoffman,* no error appears.

Affirmed. Costs to defendant.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, KAVANAGH, and SOURIS, JJ., concurred.