## ANN JACKSON v. LEWIS COLE.

*Evidence—Matters equally within knowledge of deceased party—Stipulation of parties without consent of counsel.*

1. A wife is not disqualified under How. Stat. § 7545, which precludes the living party from testifying at all to matters which if true must have been equally within the knowledge of the deceased party, from testifying that a claim on which she brings suit after the death of her husband was assigned to her by him during his life-time.

2. A stipulation signed by the parties, without the knowledge or consent of the appellant's attorney, for a discontinuance of a case after its submission in the Supreme Court, and for an affirmance of the judgment without costs, will not be treated as valid by the Court.

Error to Lenawee. (Lane, J.) Argued June 4, 1890. Decided June 13, 1890.

*Assumpsit.* Plaintiff brings error. Reversed. The facts are stated in the opinion.

*J. Reid Crowell* and *Watts & Smith,* for appellant.

*Grant Fellows,* for defendant.

GRANT, J. This suit was brought to recover the amount of a claim assigned by William Jackson in his life-time to the plaintiff, who was his wife.

The plaintiff, a witness in her own behalf, was asked if her husband had transferred this claim to her. To this question the defendant's counsel objected as incompetent under How. Stat. § 7545; and the court sustained the objection. The court was in error. This was not a matter which must have been equally within the knowledge of both the deceased and the living party. The statute precludes the living party from testifying at all to matters which if true must have been equally within the knowledge of the deceased party. Counsel for defendant appears to abandon the position taken by him in the court below, for he makes no reference to this point in his brief. This is the only question presented by the record for our determination.

After the case was submitted in this Court, a stipulation was filed, signed by the parties themselves, providing that "the cause be discontinued, and that the judgment be affirmed without costs in this Court." This stipulation was made without the knowledge or consent of plaintiff's counsel, and we cannot, therefore, treat it as valid.

Judgment reversed, with costs, and a new trial ordered.

The other Justices concurred.