WALLACE v. FRATERNAL MYSTIC CIRCLE.

1. BENEFIT SOCIETIES—NOTICES OF ASSESSMENTS—WAIVER.

The by-laws of a benefit society provided that notices of assessments should be mailed to the insured, left at his residence, or handed to him in person. In an action on a certificate, in which the nonpayment of an assessment was set up as a defense, a witness testified that all of insured's notices of assessments were left at his place of business, being handed to him personally if present, and, if not, to his clerk; but it did not affirmatively appear that any of the notices prior to the last one was served on the clerk. *Held*, not to show a waiver by insured of the right to notice in accordance with the by-laws.

2. SAME—WITNESSES—COMPETENCY.

In an action on a benefit certificate, defendant's officers are disqualified by 3 Comp. Laws, § 10212, from testifying to matters equally within the knowledge of deceased.

3. SAME—PAYMENT OF ASSESSMENTS—CUSTOM.

Evidence that a member of a benefit society entertained a belief that the courts would not sustain a forfeiture of his certificate for failure to pay an assessment within the time required by the by-laws has no tendency to show that, in delaying such payment, he did not rely on a custom of the society to receive payments after the time limited.

4. SAME—SUSPENSION OF MEMBER—VALIDITY.

Action by a benefit society looking to the suspension of a member for nonpayment of dues, taken without notice to the member, and not entered on the records of the society, is ineffectual.

Error to St. Clair; Atkinson, J. Submitted March 7, 1901. Decided July 2, 1901.

*Assumpsit* by Christine Wallace against the Fraternal Mystic Circle on a benefit certificate. From a judgment for plaintiff, defendant brings error. Affirmed.

*Avery Bros. & Walsh* (*John F. Follett,* of counsel ), for appellant.

*Frank Whipple* (*J. B. McIlwain,* of counsel ), for appellee.

MONTGOMERY, C. J.   This case has once been considered by this court.   The opinion of the court on the former hearing is reported in 121 Mich. 263 ( 80 N. W. 6 ). On a second trial the plaintiff recovered, and defendant brings error.

The assignments of error are numerous, but we find, on examination, that many of them raise questions which are concluded by our former decision, which has become the law of this case.   We will, for convenience, treat such questions as are not concluded in substantially the same order adopted by counsel.

1. It was submitted to the jury to find whether the notice of assessment 21 ( the one in question ) was received by the assured.   The rules of defendant provided for notice served by mail, or at his place of residence, or handed to him in person.   The evidence tended to show that the notice of assessment was left at the place of business of assured.   The defendant asked an instruction that the assured had waived the right to insist on service at his residence.   The evidence on this point was by the messenger, who testified, in substance, that he delivered the notices of assessment at the store, and that, if Wallace was present, he handed the notice to him, and, if not, he handed it to his clerk.   He does not state how many of these notices were handed to the clerk.   He is unable to state whether the one in question was handed·to Wallace or the clerk.   It does not affirmatively appear that any of the notices prior to the last was served on the clerk.   We think it cannot be held that there was a waiver of the right to insist upon notice provided by the by-laws.

2. The court excluded testimony of defendant's officers as to facts equally within the knowledge of the deceased. This ruling is assigned as error.   In the former opinion

it was said that such testimony was incompetent; but it is said that additional considerations are now urged, and it is strenuously contended that the plaintiff is not a legatee, heir, or assignee, within the meaning of the statute. It is possibly correct to say that she does not come within the precise words of the statute, and, were the question entirely new, there might be ground for hesitancy. It should be kept in mind, however, that plaintiff is a bene-ficiary of the assured, and that up to the time of his decease he retained the power of disposition of his policy. She takes, therefore, by virtue of a right bestowed upon her by the deceased. The question is not new. See *Krause* v. *Assurance Society*, 99 Mich. 461 (58 N. W. 496).

3. The defendant offered to show that deceased had a notion that some court had decided that the order could not insist upon his making payments within 20 days or forfeit his policy, and asked an instruction that, if he relied upon his notion in not making payment within the 20 days, he could not recover. The offer of proof did not go to the extent of excluding knowledge on the part of the deceased of the custom of receiving payments after 20 days. The dealings with assured showed that this custom was adopted in his case, at least. This being so, the fact that he believed that the court would not enforce a forfeiture for failing to pay within 20 days would not tend to show that he placed no reliance upon the custom.

4. The contention that the custom was without force unless a health certificate was produced is not supported by the testimony; and the same may be said of the claim that the assured could not avail himself of the custom unless in good health, and of the contention as to the reasonableness of the time within which payment might, under the circumstances, have been made.

5. The defendant introduced parol testimony tending to show that deceased was, at a meeting held on April 4th, reported for nonpayment of dues, and at a subsequent meeting, held July 18th, he was suspended. Complaint is

made that the circuit judge, in charging the jury as to the force of this parol testimony, laid down a rule requiring defendant to establish the facts by more than a preponderance of testimony. The charge is subject to this criticism, but we think the defendant is not in a position to complain. The by-law requires that a default in payment of dues be reported by the worthy recorder in open Ruling, and that, if the dues are not paid on or before the next regular meeting, the member may be suspended. It appears to be conceded that a record of each of these acts should regularly have been made, but the defendant relies upon the general rule that the records may be corrected by parol. If, however, the order was at liberty to proceed without notice, we think the notice which would come to the assured from the record was at least essential. *People* v. *Mechanics' Aid Society*, 22 Mich. 86. The circuit judge's ruling was too favorable to defendant.

We discover no error prejudicial to the defendant.

Judgment affirmed.

The other Justices concurred.