SUPREME COURT, ORDER OF PATRICIANS, *v.* DAVIS.

1. BENEFIT SOCIETIES—CHANGE OF BENEFICIARY.
   Restrictions in the laws of a fraternal beneficiary society as to the method of changing beneficiary are matters of contract between it and the member, so that a change made otherwise by the member, assented to by the society during his lifetime, affords no ground for complaint by the beneficiary.

2. SAME—DELIVERY OF CERTIFICATE.
   Delivery of a benefit certificate to an officer of the society in his individual capacity, as custodian for the member, is a sufficient delivery to the member.[1]

Appeal from Berrien; Coolidge, J. Submitted November 14, 1901. Decided January 28, 1902.

Bill of interpleader by the Supreme Court, Order of Patricians, against William D. Davis and Beulah Davis, an infant, by Fred Gay, her guardian, to determine the right to the proceeds of a benefit certificate. From a decree for defendant Beulah Davis, the other defendant appeals. Affirmed.

*W. J. Barnard*, for appellant.

*Benjamin F. Heckert*, for appellee.

HOOKER, C. J. The complainant, a fraternal organization, issued a certificate of membership to one Edith Davis. It provided for the payment of a benefit of $1,000 upon her death, half to her husband and half to her daughter. After her death the complainant paid $500 to the daughter's guardian, and, as both guardian and the husband claimed the remainder, it filed this bill of interpleader, which both defendants answered, admitting the controversy, and introduced testimony regarding their

_____
[1] See *Wagner* v. *Knights of Honor*, 128 Mich. 661, 668 (87 N. W. 903).

respective claims.    The circuit judge sustained the claim of the daughter, and her stepfather has appealed.

The case turns upon an alleged change of beneficiary, the validity of which is denied on three grounds:

1. That the issue of the new certificate was not in conformity to the provisions of complainant's articles of association and by-laws.

2. That it was not made at the request of Edith Davis.

3. That the original certificate was procured under a contract between Edith Davis and her husband that, if he would pay the expenses and assessments upon said certificate, he should have one-half of the benefit, and that his rights cannot be affected by a gift to the daughter of such share.

The laws of the order prescribe the method that shall be taken by the member to change the beneficiary, which he has a right to do.    The restrictions as to method are matters of contract between himself and the society, over which the beneficiary has no control.    Any arrangement between the member and the society by which the former clearly indicates his desire for a change, and indicates the new beneficiary, is sufficient, if satisfactory to the society, and acted upon by it before the member's death.    That it is a matter of contract between the parties is indicated by the decisions cited and quoted in the case of *Grand Lodge A. O. U. W.* v. *Fisk*, 126 Mich. 356 (85 N. W. 875), following the rule discussed by Nib. Acc. Ins. & Ben. Soc. p. 405 *et seq.*    Where the method prescribed has not been followed, and the society has not assented to the change of beneficiary, or acted upon it, the courts hold that no change has been made; but it is otherwise if the society has treated the acts of its member as a satisfactory compliance with the contract, and acted upon it by issuing a new certificate.    Id. pp. 419, 429.    In the present case the proofs show to our satisfaction that an attempt was made by the member to comply with the contract, and that the society, acting through its proper officers, accepted it as sufficient, and caused the necessary papers to be made; and, while they were not delivered to the assured or her

agent, it was because an officer of the company was asked to act as custodian of them for the assured. This he did in a personal and individual capacity; the certificate being, to all intents and purposes, delivered. We are not convinced that Mr. Davis had a contract right to be and remain the beneficiary, or that any fraud or undue influence caused Mrs. Davis to make the change.

The decree is affirmed, with costs.

MOORE, GRANT, and MONTGOMERY, JJ., concurred. LONG, J., took no part in the decision.