GUSTAFSON v. EGER.

1. WITNESSES—COMPETENCY—ESTATES OF DECEDENTS—AGENT IN MAKING CONTRACT—SET-OFF.
  Where an administrator brought suit upon a promissory note, testimony by defendant's husband in her behalf, to prove a set-off by sales of merchandise made for her by him, showed that he acted as her agent in making a contract involved in the suit, and was therefore inadmissible.   Act No. 239, Pub. Acts 1901.

2. SAME—PAYMENTS.
  If such sales were made under an arrangement that they should be treated as payments upon the note, each payment involved a contract of purchase, and an agreement that the price

should apply as payment, and the evidence was therefore inadmissible.

MOORE and GRANT, JJ., dissenting.

Error to Marquette; Stone, J. Submitted April 22, 1902. (Docket No. 101.) Reargued February 6, 1903. (Docket No. 35.) Decided March 9, 1903.

*Assumpsit* by Frank Gustafson, administrator, with the will annexed, of the estate of Augusta D. Gustafson, deceased, against Mary A. Eger, upon a promissory note. From a judgment for defendant, plaintiff brings error. Reversed.

*Ball & Ball*, for appellant.

*Clark & Pearl*, for appellee.

HOOKER, C. J. The defendant and her mother were tenants in common of a stock of jewelry. The defendant purchased her mother's interest, giving four notes in payment. Three of the notes were paid, and this action was brought upon the last to fall due. No controversy arises over the giving of the note. The defense made is by way of payment and set-off. After purchasing the property, the defendant conducted a jewelry business; her husband being manager and agent for her in the conduct of the business. Upon the trial he was permitted to testify that he sold to the mother articles of jewelry from the store. This testimony was objected to upon the ground that he was disqualified as a witness, for the reason that the mother was dead, under the statute (3 Comp. Laws, § 10212, as amended by Act No. 239 of the Public Acts of 1901), which provides:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased

person; and when any suit or proceeding is prosecuted or defended by any surviving partner or partners, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of the deceased partner, and not within the knowledge of any one of the surviving partners. No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died shall be a competent witness, in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives. And when any suit or proceeding is prosecuted or defended by any corporation, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of a deceased officer or agent of the corporation, and not within the knowledge of any surviving officer or agent of the corporation; nor, when any suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person against a corporation (or its assigns), shall any person who is or has been an officer or agent of any such corporation be allowed to testify at all in relation to matters which, if true, must have been equally within the knowledge of such deceased person: *Provided,* that whenever the words 'the opposite party' occur in this section it shall be deemed to include the assignors or assignees of the claim, or any part thereof, in controversy. *And provided* further, that whenever the deposition, affidavit, or testimony of such deceased party, taken in his lifetime, shall be read in evidence in such suit or proceeding, that the affidavit or testimony of the surviving party shall be admitted in his own behalf on all matters mentioned or covered in such deposition, affidavit, or testimony."

It is urged on behalf of the defendant that this testimony is not within the prohibition of the statute, because the husband had nothing to do with the original purchase by his wife of the jewelry. That contract was executed when the notes were given. It is now proposed to defend against the notes by showing a set-off. Every set-off involves a

contract. In this case a contract was made between the parties to this suit whenever the mother purchased any article of jewelry which is now made the subject of set-off. She purchased them through the husband and agent of the defendant. These are as much contracts, within the terms of the statute, as any other contract.

The husband was also allowed to testify that at some time he heard the mother state that she intended to purchase "quite a good deal of goods out of the store, and that the goods so purchased should apply upon this last note." It may be that it is inferable from the testimony that this was said at the time the original contract was made, but we do not discover that this should make any difference. In the first place, it is doubtful if it can be called a part of the original contract, for the reason that there is nothing definite or certain about it. It created no obligation that could be enforced. The mother was at liberty to purchase jewelry, or not, as she chose; and, had she refused to do so, no action for breach of contract could have been maintained.

The effect is not different if it be said that the jewelry purchased under the arrangement is not to be treated as a set-off, but payment, for the reason that such payment involved a contract of purchase, and an agreement, either previous or subsequent, that the price should apply as a payment.

The judgment should be reversed, and a new trial ordered.

CARPENTER and MONTGOMERY, JJ., concurred with HOOKER, C. J.

MOORE, J. (dissenting). The plaintiff is the administrator of Mrs. Gustafson, deceased, who was the mother of defendant. Mrs. Gustafson (then Mrs. Anderson) and the defendant became, by death of Mr. Anderson, the owners of a stock of jewelry. In August, 1889, Mrs. Eger bought her mother's interest in the business, and gave her four notes, the first three of which were paid,

and are not in controversy here. The last note was dated August 16, 1889, due in four years, and was for $1,134.19. Suit was brought upon it in 1901. The plea of the general issue, with notice of set-off, was filed. It was the claim of the defendant that this note had been fully paid by making to her mother payments of cash, by furnishing her goods out of the store, and by making payments to third persons at her request. Upon the trial the plaintiff introduced the note which was signed by the defendant in evidence. The defendant was then sworn, and testified without objection:-

"I am in the jewelry business, carrying on a jewelry store, and have been since August 16, 1889. During this time my husband, Otto Eger, has been my chief clerk or manager, and is still the manager. During the carrying on of this store, since August 16, 1889, I have myself had supervision and oversight of the business. I have been in the store myself. My husband, Otto Eger, kept the books. During the keeping of these books I had general oversight of the accounts as they were entered, and looked them over; knew just what was on the books, and do today."

Mr. Eger was then sworn, and testified:

"I reside in Ishpeming, and am the husband of the defendant in this case. I have been engaged in the jewelry business for the last 10 or 15 years, in my wife's employ. I know what the note of Mary A. Eger, dated August 16, 1889, was given for. The note was given for a half interest in the firm of Anderson & Co., which my wife bought from her mother, and as part payment for it. There were four notes given in all, aggregating $4,134.19. This note represents the last payment. Mrs. Anderson (my wife's mother) said that she intended to purchase quite a good deal of goods out of the store, and that the goods so purchased should apply upon this last note."

Defendant's counsel then asked the witness, "Did she, from time to time, purchase goods from the store in question under that understanding?" To said question plaintiff's counsel objected for the reason that it appeared that the witness was the agent of the defendant, managing the store for her, during all that time, and represented the

defendant in the contracts made with Mrs. Gustafson, if any contracts were made, and that whatever transactions he had with Mrs. Gustafson were matters which must be equally within the knowledge of Mrs. Gustafson, deceased, and that his testimony in relation thereto was excluded by statute.

"*The Court:* The evidence does not show that he was the agent in making this contract. (Objection overruled, to which ruling the plaintiff's counsel excepted, and witness answered, 'Yes, sir,' and also that Mrs. Gustafson received cash, also, as well as items of merchandise.)"

He then testified that sufficient merchandise and money had been paid to Mrs. Gustafson, or to third persons by her direction, to more than pay the note.

Among other things, the judge charged the jury:

"That brings us to the testimony; and, substantially, the testimony offered here on the part of the defendant was the testimony of Mr. Eger, the husband, and the wife. The claim is made here that this arrangement was made by Mrs. Eger and Mrs. Gustafson as to the application of the payments. And it is without question that the note here was made by Mrs. Eger herself, in her own handwriting. She was not acting as agent or through an agent there, but did the act herself. So the court has admitted the evidence of Mr. Eger in this case, notwithstanding it had to exclude the evidence of Mrs. Eger, because Mrs. Gustafson, the payee of this note, being dead, and this suit being brought by her personal representative, Mr. Gustafson, death having closed the mouth of Mrs. Gustafson, the law closes the mouth of Mrs. Eger as to any matters that were equally within the knowledge of the deceased. But I advise you that this rule would not exclude the testimony of Mr. Eger. That testimony, therefore, is before you; and the court holds that he is not such an agent, having to do with the contract, as the statute contemplates."

The jury rendered a verdict in favor of the defendant. The case is brought here by writ of error.

It was conceded by counsel upon the oral argument that the only question involved is whether the court erred in

allowing Mr. Eger to testify.  The statute to be construed reads as follows:

"SEC. 101.  When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which, if true, must have been equally within the knowledge of such deceased person; and when any suit or proceeding is prosecuted or defended by any surviving partner or partners, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all in relation to matters which, if true, must have been equally within the knowledge of the deceased partner, and not within the knowledge of any one of the surviving partners.  No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died shall be a competent witness, in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract, against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives."  Section 10212, 3 Comp. Laws, as amended by Act No. 239, Pub. Acts 1901.

This section, since its amendment, has not been construed by this court.  It is the claim of counsel that Mr. Eger was the agent of his wife in selling the goods and making the payments mentioned in the bill of set-off, and that each sale was a contract about which the person making the sale could not testify, and comes within the terms of the statute.  They say:

"This statute may, and undoubtedly will, work hardships in certain cases; but the legislature has announced it as the policy of the law, in cases where the lips of one party are sealed by death, to seal the lips of not only the opposite party himself, and those claiming under him, but also the lips of those agents who the law presumes are biased or prejudiced by business relations towards the surviving party.  The legislature having so announced the policy of the law in plain and unmistakable terms, allowing of no misinterpretation, and without the slightest ambiguity, it becomes the duty of the court to enforce the statute as it is found on the statute books."

We cannot agree with counsel in this contention. The contract sued upon in this case is the note signed by Mrs. Eger, and given to her mother. The testimony does not disclose that Mr. Eger had anything to do with the making or continuing of this contract. It is true, he furnished goods and made payments of money which were proper subjects of set-off against the claim for which his wife was sued. If the delivery of each article of goods, or the making of each payment of money, which makes up the 50 items of defendant's set-off, constitutes the person making the delivery of the goods or the payment of the money the agent of the principal, within the meaning of the statute, then, if these goods had been delivered and payments had been made by 50 different clerks in the store, none of them could have testified to the payments or sales made by him or her. We do not think any such result could have been contemplated by the legislature, and such is not the language of the statute. We do not think it applies to sales made by clerks under the supervision of the principal, who fixes the price of the articles sold, and whose directions are simply followed in making the sales. Mrs. Eger was in the control and management of her own business. She made a contract with her mother to buy the mother's interest in the business, and gave her, as a part payment, the note upon which suit is brought. It is not shown that Mr. Eger had anything to do with the making or continuing of this contract. Had his wife sent $500 by him to her mother, which was paid upon this note, but not indorsed thereon, is it possible that he could not testify to the payment? If so, why not testify as to a payment made in goods? I do not think these questions should be answered that he could not. Such a construction of the statute as is urged would make it nearly or quite impossible to ever make proof of the transactions between parties after the death of one of them, and would prevent giving the best evidence of the transaction.

The judgment should be affirmed.

GRANT J., concurred with MOORE, J.