GREAT CAMP KNIGHTS OF THE MACCABEES FOR MICHIGAN *v.* SAVAGE.

WITNESSES—MATTERS WITHIN KNOWLEDGE OF DECEDENT—LIFE INSURANCE—CONTESTING BENEFICIARIES.

3 Comp. Laws, § 10212, providing that when a suit is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness on his own behalf, shall not be admitted to testify to matters which, if true, must have been equally within the knowledge of the deceased, applies to a contest between two beneficiaries, under separate designations, of a deceased member of a benefit society, each of whom claims to be entitled to the fund. *Wallace* v. *Mystic Circle*, 127 Mich. 387, followed. MOORE, C. J., and GRANT, J., dissenting.

Appeal from Macomb; Law, J., presiding. Submitted June 10, 1903. (Docket No. 53.) Decided January 26, 1904.

Bill of interpleader by the Great Camp of the Knights of the Maccabees for Michigan against Nellie O. Savage and Moses Savage to determine the right to the proceeds of a benefit certificate. From a decree for defendant Nellie O. Savage, defendant Moses Savage appeals. Reversed.

*Fox & Parker* (*Seth W. Knight*, of counsel), for appellant.

*Robert F. Eldredge* (*B. R. Erskine*, of counsel), for appellee.

MOORE, C. J. (*dissenting*). In 1888 James A. Savage took out a certificate of insurance in the order of the complainant in the sum of $2,000. His wife, Nellie O. Savage, was named as beneficiary therein. In December, 1899, without the knowledge or consent of his wife, he surrendered that certificate, and caused a new one to be issued, naming his brother, Moses Savage, as his beneficiary. James A. Savage died in May, 1900. The complainant order paid the $2,000 into court. Each of the defendants claims to be entitled to it. A hearing was had before the circuit judge. He filed a written opinion, in which he stated, among other things:

"In 1896 said James A. Savage became sick, and, fearing he would not again be able to work, said to his wife, in substance, that he would not be able to keep up the dues and assessments; that he would not borrow the money to do so; and that the same would have to go down and be lost unless she chose to take the responsibility of seeing that said dues and assessments were paid; and assured her that, if she would do so, the insurance should be hers. In accordance with said agreement between Nellie O. Savage and James A. Savage, from that time on until his death Nellie O. Savage has, in reliance upon the promise then and there made to her, through herself, her friends and agents, seen that they were paid in due season to prevent the lapsing of said benefit certificate. A considerable number of said dues and assessments have been paid by Nellie O. Savage out of her own means, obtained from the rent of her own house, of which she was possessed at the date of her marriage with James A. Savage, and which she built out of means left her by her first husband. These payments of said dues and assessments were made with the knowledge and acquiescence, and undoubtedly at times at the request, of James A. Savage, and in compliance with and in reliance on by Nellie O. Savage of the aforesaid agreement made in 1896.

"In July, 1899, while the said defendant Nellie O. Savage was living with said James A. Savage in their homestead in the city of Mt. Clemens, the said James A. Savage announced to said Nellie O. Savage that he desired to give a second mortgage upon said homestead, and requested her to sign the same when the papers were brought

up that afternoon for execution.   In response to her statement that she feared that said second mortgage would mean that they would lose their home, said James A. Savage stated to her that he must have the money, and had no other means of raising the money except by mortgage on said homestead, and, in substance, that she would be provided for, even if he used up all of said homestead, because she would have the benefit of the insurance (thereby meaning said benefit certificate in said complainant order).   In reliance upon said assurance so given her by said James A. Savage, the said defendant Nellie O. Savage joined with said James A. Savage in the execution of a mortgage on the 11th day of July, 1899, upon the said homestead of said parties, to secure the payment of $350. The said homestead was already mortgaged in the sum of $425 to secure a portion of the cost of the building of the house thereon.   The only evidence tending to prove the conversation above described between Nellie O. Savage and her husband, James A. Savage, is that of Nellie O. Savage herself, and no direct testimony has been offered tending to deny this conversation as related by her.

"On the 23d day of December, 1899, said James A. Savage applied to said complainant order for a change of the beneficiary named in said certificate, and in pursuance of said request a new benefit certificate was issued to James A. Savage, wherein Moses Savage was named as beneficiary.   Said change of beneficiary was without the knowledge or consent of Nellie O. Savage, and without the knowledge of the defendant Moses Savage.   Said Moses Savage in no way contributed towards the expense of keeping up said benefit certificate, nor of the support of said James A. Savage; and the said James A. Savage was in no wise indebted to or under obligations to said Moses Savage.   The said Moses Savage was in no wise dependent upon the said James A. Savage, his brother, and in this matter occupies the position of a purely volunteer beneficiary."

The judge rendered a decree in favor of the wife, from which decree the brother has brought this case here by appeal.

The first question is, Was the wife competent to be a witness ?   It will be observed this is not a contest between the beneficiary and the insurance order, but is one between

the beneficiaries, each of whom claims the fund. The appellant claims the appellee could not testify in relation to things within the knowledge of her dead husband, because prohibited by section 10212, 3 Comp. Laws, and cites the following cases in support of this contention: *Mundy* v. *Foster*, 31 Mich. 313; *Downey* v. *Andrus*, 43 Mich. 65 (4 N. W. 628); *Wright* v. *Wilson*, 17 Mich. 200; *Chambers* v. *Hill*, 34 Mich. 525; *Schuffert* v. *Grote*, 88 Mich. 650 (50 N. W. 657, 26 Am. St. Rep. 316); *Ripley* v. *Seligman*, 88 Mich. 189 (50 N. W. 143); *Metropolitan Life-Ins. Co.* v. *O'Brien*, 92 Mich. 584 (52 N. W. 1012); *Wallace* v. *Mystic Circle*, 127 Mich. 387 (86 N. W. 853); *Supreme Court, Order of Patricians,* v. *Davis*, 129 Mich. 318 (88 N. W. 874); *Gustafson* v. *Eger*, 132 Mich. 387 (93 N. W. 893). Counsel for the appellee insist the above cases do not apply to this case, for the reason that Mrs. Savage is not litigating with a representative of the estate of her deceased husband, or with his heirs, assigns, devisees, or legatees; that the determination of the litigation will in no way affect the *corpus* of his estate; and that Mrs. Savage is not brought within either the letter or the spirit of the statute.

In *Supreme Court, Order of Patricians,* v. *Davis, supra,* the question of the competency of the witness was not involved. In *Gustafson* v. *Eger,* the administrator sued upon a note. The agent of the maker of the note was allowed to testify as to sales of goods made to deceased, which were attempted to be set off against the note. A majority of the judges were of the opinion the agent was within the terms of the statute. *Wallace* v. *Mystic Circle* involved the competency of an agent of a corporation to testify. In *Metropolitan Life-Ins. Co.* v. *O'Brien* the dispute was between the beneficiary named in the policy and the heirs at law of the insured. In the other cases the same principle was involved. As before stated, this is not a litigation between Mrs. Savage and the insurance company, or between her and an heir at law of the insured, or his grantee, or the administrator or

executor of his estate.   The estate of James A. Savage
will not be diminished or increased in any way by the re-
sult of this litigation.   We think the judge was justified
in ruling the testimony of Mrs. Savage was competent,
under the following cases:   *Brown* v. *Bell*, 58 Mich. 58
(24 N. W. 824); *Schofield* v. *Walker*, 58 Mich. 96 (24
N. W. 624); *Lautenshlager* v. *Lautenshlager*, 80 Mich.
285 (45 N. W. 147); *Lake* v. *Nolan*, 81 Mich. 112 (45 N.
W. 376); *Jackson* v. *Cole*, 81 Mich. 440 (45 N. W. 826).
See *Penny* v. *Croul*, 87 Mich. 15 (49 N. W. 311, 13 L. R.
A. 83).

It is argued that Mr. Savage had the right to change
his beneficiary, and, having done so by naming Moses
Savage, he is entitled to the fund.   This would undoubt-
edly be true if other elements did not enter into the case.
The trial judge found, and rightly so, if the testimony of
Mrs. Savage was competent, that Mr. Savage decided to
let this insurance lapse unless his wife would keep up the
payments to become due thereon, and said to her if she
would do so she should have the insurance.   He also
found that a mortgage was signed by Mrs. Savage upon
the homestead, she relying upon his statement that she
would be protected in doing so by the insurance.   After-
wards, and without consulting her, and without any con-
sideration from Moses Savage to James A. Savage, the
change in beneficiaries was made.   This does not appeal
to our sense of justice, and is not in accordance with the
law, as found in the following authorities:   In *Maynard* v.
*Vanderwerker*, 30 Abb. N. C. 134 (24 N. Y. Supp. 932),
it is said:

"The plaintiff was not an assignee of the certificate for
value.   During the lifetime of his wife, 'the designation
was in the nature of an inchoate or unexecuted gift, rev-
ocable at any moment by the donor' (*Smith* v. *Benefit
Society*, 123 N. Y. 85 [25 N. E. 197, 9 L. R. A. 616]); that
is, assuming that the donor has not previously made a con-
tract by which a vested interest had passed to her aunt.
* * * Miss Smalley [the deceased] had told her all
these things twice, and always said that the policy was not

hers, but her aunt's. In addition to these admissions and declarations, we have the direct and positive testimony of Mr. Vanderwerker, showing that it was the original intention of the niece to be insured for the benefit of her aunt, who should pay the assessments, and that the money for some of the assessments, at all events, was furnished by the defendant. * * * If this is so, it seems to me clear that Mrs. Vanderwerker, by virtue of the agreement with her niece before any certificate was taken out, and by reason of having furnished the money to pay the assessments thereon, had acquired a vested interest in the certificate, of which her niece was powerless to deprive her by procuring a new certificate to be issued. * * * I think such a vested interest did pass to Mrs. Vanderwerker before the new certificate was obtained, substituting Mr. Maynard's name for hers, and consequently the attempt on the part of the insured to transfer the right to collect the insurance money by means of such new certificate must be deemed ineffectual in law."

*Smith* v. *Benefit Society*, 123 N. Y. 85 (25 N. E. 197, 9 L. R. A. 616); 2 Joyce, Ins. § 742; *Benard* v. *Grand Lodge A. O. U. W.*, 13 S. Dak. 132 (82 N. W. 404); *Jory* v. *Supreme Council A. L. H.*, 105 Cal. 20 (38 Pac. 524, 26 L. R. A. 733, 45 Am. St. Rep. 17); *Anderson* v. *Groesbeck*, 26 Colo. 3 (55 Pac. 1086); *Supreme Council Royal Arcanum* v. *Tracy*, 169 Ill. 123 (48 N. E. 401); *Swift* v. *Benefit Ass'n*, 96 Ill. 309; *Supreme Council Catholic Benevolent Legion* v. *Murphy*, 65 N. J. Eq. 60 (55 Atl. 497); *Barton* v. *Relief Ass'n*, 63 N. H. 535 (3 Atl. 627); *Masonic Mut. Ben. Soc.* v. *Burkhart*, 110 Ind. 189 (10 N. E. 79, 11 N. E. 449); *Mulderick* v. *Grand Lodge A. O. U. W.*, 155 Pa. St. 505 (26 Atl. 663).

The decree should be affirmed.

GRANT, J., concurred with MOORE, C. J.

CARPENTER, J. We think the case is within *Wallace* v. *Mystic Circle*, 127 Mich. 387 (86 N. W. 853), and that Mrs. Savage was an incompetent witness. With her testimony eliminated, no equities are shown in her favor which should estop the actual beneficiary named in the

certificate, which was in existence when Mr. Savage died, from receiving the fund. See *Bailey* v. *Holden*, 113 Mich. 402 (71 N. W. 841).

The decree is reversed, and one will be entered here in accordance with this opinion.

MONTGOMERY and HOOKER, JJ., concurred with CAR-PENTER, J.