FRANKEN *v.* SUPREME COURT INDEPENDENT ORDER OF FORESTERS.

1. WITNESSES—COMPETENCY—TRANSACTIONS WITH PERSONS SINCE DECEASED—LIFE INSURANCE—CONTEST BETWEEN BENEFICIARIES.
   On a bill by a widow to establish ownership of the proceeds of a mutual benefit certificate held by decedent's mother, the designated beneficiary, complainant's claim being based upon an alleged ante-nuptial agreement of decedent to have the certificate reissued in her favor, complainant is not competent to testify to the alleged agreement. Section 10212, 3 Comp. Laws.

2. LIFE INSURANCE — MUTUAL BENEFIT INSURANCE — CHANGE OF BENEFICIARY—CONTRACT—EVIDENCE—SUFFICIENCY.
   On a bill by a widow to establish ownership of the proceeds of a mutual benefit certificate held by decedent's mother, the designated beneficiary, evidence examined, and *held*, not sufficient to establish the alleged ante-nuptial contract between complainant and decedent by which he agreed to have the certificate reissued in her favor.

3. SAME—CHANGE OF BENEFICIARY—NECESSITY OF CONTRACT.
   A purpose on the part of a member of a beneficial association to change the beneficiary named in his certificate will not, in the absence of contract, entitle the future possible beneficiary to lay claim to the fund.

Appeal from Mason; Rose, J. Submitted February 21, 1908. (Docket No. 86.) Decided May 1, 1908.

Bill by Alice L. Franken against the Supreme Court Independent Order of Foresters, Alexander Pelletier, administrator of the estate of Gertrude Franken, deceased, and others, to determine the title to a policy of insurance. From a decree for complainant, defendant administrator appeals. Reversed, and bill dismissed.

*O. N. Cranor* and *E. N. Fitch*, for complainant.

*App. M. Smith*, for appellant.

MONTGOMERY, J.   The real controversy in this case is between Alice L. Franken and the estate of Gertrude Franken, Gertrude Franken having died since the filing of the original bill.   Theodore Franken was the husband of complainant and the son of Gertrude Franken.   On the 31st of July, 1905, he became a member of the defendant association, and received a certificate which entitled his beneficiary to receive $1,000 in case of his death. Gertrude Franken was named as such beneficiary.   Theodore Franken was suddenly killed on the 11th of March, 1906.   Proper proof of this fact was furnished to the defendant society.   No question of liability to the amount of the certificate is made, but payment was declined upon the ground that the complainant in this case claimed to be entitled to it under the certificate.   Thereupon, for the purpose of testing this question, complainant filed this bill.

The bill alleges that prior to the 31st of July, complainant, who was then an unmarried woman, assented to become the wife of Theodore Franken upon his agreeing that he would take out this policy of insurance in her favor; that such policy was taken out before the marriage, and made payable to the defendant, for the reason that under the rules of the order complainant was not then entitled to be named as beneficiary, but upon the understanding and agreement that after the marriage a change should be made and complainant named as beneficiary in a new certificate to be issued; that this was not done because of the sudden death of Theodore Franken; and the prayer of the bill is that the money be paid to the complainant.   The circuit court decreed the relief prayed, and the defendant brings the case here on appeal.

The only evidence of the alleged agreement between Theodore Franken and complainant is the testimony of complainant herself taken under objection that she was disqualified as a witness.   By the circuit judge's opinion, it appears that he accepted her version of the transaction, and based his conclusion upon her testimony.   This

was an erroneous view of the law. There could be no plainer case of an infraction of the spirit of the statute[1] than the present. The certificate in this case was made out and in fact delivered to the mother of the defendant. She was a beneficiary of the assured, and as was said in *Wallace* v. *Mystic Circle*, 127 Mich. 387, "up to the time of his decease he retained the power of disposition of his policy. She takes, therefore, by virtue of a right bestowed upon her by the deceased." The question was before the court in *Great Camp K. O. T. M.* v. *Savage*, 135 Mich. 459, and upon full consideration, the ruling in *Wallace* v. *Mystic Circle* was sustained by a majority of the court.

If we eliminate the testimony of the complainant, there is nothing in the case to show that Theodore Franken was under any contract obligation with the complainant to cause a new certificate to be issued in her favor. There is no proof of any statement of his to this effect. It is true that statements are attributed to him by some of the witnesses showing a purpose to make such transfer. But even this testimony is not very convincing. As against the testimony tending to show such purpose, there is the testimony on behalf of the defendants of his declaration to his mother that no change would be made in the certificate during her lifetime and of the fact that the certificate was left in her care. The complainant herself called as a witness the local financial secretary of the defendant company, who stated that Theodore Franken got his policy from witness; that at the time it was delivered to him Franken and his wife came to the house to pay his dues; that the policy was turned over to him, and this was only a few days after they were married. Witness proceeds as follows:

"I said to him in a joking way, 'Mr. Franken, you had better get this policy changed,' and he felt embarrassed and stammered and stuttered and he said, 'I will, as soon as I can get it straightened up.' I handed him the policy and he went away."

---

[1] Section 10212, 3 Comp. Laws.

If there had been any purpose on his part to change this policy, it is very remarkable that he did not do it at this time. But the fact that he failed to do so was explained perhaps by his agreement with his mother that it should not be changed. Had there been a real purpose on the part of decedent to change his policy, this, in the absence of contract, would not have entitled the future possible beneficiary to lay claim to the fund. *Coston* v. *Coston*, 145 Mich. 390.

The decree must be reversed, and the bill dismissed, with costs to the defendant estate.

GRANT, C. J., and BLAIR, OSTRANDER, and MOORE, JJ., concurred.