ROUSSEAU v. BROTHERHOOD OF AMERICAN YEOMEN.

1. WITNESSES — EVIDENCE — ESTATES OF DECEDENTS — MATTERS EQUALLY WITHIN KNOWLEDGE OF DECEASED—AGENT—INSURANCE —PRINCIPAL AND AGENT.

   The testimony of mere clerk and bookkeeper of a local agent of defendant fraternal benefit association, relating to matters equally within the knowledge of a deceased member of the society, was not barred by 3 Comp. Laws, § 10212, as amended by Act No. 239, Pub. Acts 1901, and Act No. 30, Pub. Acts 1903 (5 How. Stat. [2d Ed.] § 12856). The term "agent," as used in the statute, does not have reference to a subagent whose appointment was not authorized or made by defendant corporation.

2. SAME.

   On the trial of an action upon a benefit certificate, the trial court erred in refusing to admit the testimony of a clerk of defendant's local agent, offered to show that decedent was in arrears and she sent him a notice as required by the rules of the society; and an admission of defendant's attorney that the testimony of the agent himself would be barred, was not binding on the court.

Case-made from Delta; Flannigan, J. Submitted November 11, 1912. (Docket No. 99.) Decided De-

cember 17, 1912.   Rehearing granted March 21, 1913. Opinion filed November 3, 1913.

Assumpsit by Eva Rousseau against the Brotherhood of American Yeomen on a benefit certificate. Judgment for plaintiff on a directed verdict. Defendant brings error. Reversed.

*H. J. Rushton,* for appellant.

*A. H. Ryall* and *John L. Loell,* for appellee.

OSTRANDER, J.   The beneficiary in a policy or certificate of life insurance issued · by defendant to one Frank L. Rousseau brought suit thereon.   With its plea the defendant gave notice that it would prove in its defense, among other things, that when the insured died the said policy was not in force and had been canceled for nonpayment of dues; that at the time of his death the said Frank L. Rousseau was not a member in good standing of defendant organization and had not complied with the agreements, conditions, and covenants in said policy contained.   At the trial the court directed a verdict for plaintiff and judgment was entered on the verdict.   Error is assigned upon this ruling and the one upon which it is based, which excluded the books kept at the local homestead of the defendant and the testimony of a clerk of the agent of defendant upon the subject of nonpayment of dues by and suspension of the insured before his death.

It is stated in the brief for appellant that plaintiff made a *prima facie* case and that the question is whether one Carrie Weisert, the clerk of defendant's agent, was a competent witness for defendant to prove the nonpayment of dues by and suspension of the deceased.

The controlling statute is 3 Comp. Laws, § 10212, as amended by Act No. 239, Public Acts of 1901, and Act No. 30, Public Acts of 1903 (5 How. Stat. [2d

Ed.] § 12856). Defendant undertook to prove non-payment of assessments and dues and the suspension of the member because of such nonpayment and in assuming this burden called the witness Carrie Weisert. Before calling her, defendant's attorney had made the admission that, if Dupuis (defendant's agent) was called as a witness for defendant, he could not testify about matters equally within the knowledge of deceased. This admission was equally applicable to the witness Weisert if she was an agent of defendant and not, as defendant asserted, a mere clerk of an agent. *Wallace* v. *Mystic Circle*, 127 Mich. 387 (86 N. W. 853). See, also, *Great Camp K. O. T. M.* v. *Savage,* 135 Mich. 459 (98 N. W. 26) ; *Franken* v. *Supreme Court I. O. F.,* 152 Mich. 502 (116 N. W. 188). Dupuis, who at the time in question was the agent of defendant, his office being that of correspondent of Homestead No. 1284, testified:

"I hired Miss Weisert as helper around the house and with the books. I paid her."

Miss Weisert testified that she had worked for Dupuis for five years as bookkeeper, and, with respect to the business of defendant, she kept the books and did a little housework. She made out receipts, checked up the books every month, notified Dupuis of any members in arrears, sent out notices to members over the name of Dupuis. She identified a card (postal card, but sent in an envelope) as like those sent out to members. The information or data on these cards she got from the books. It is to be inferred from her testimony that she sometimes received dues or assessments from members and entered the same on the books. Concerning her competency the court said:

"Under the testimony as it stands, the young woman was such an agent of the insurance company in respect to the collection of dues and keeping account thereof and the giving of default notices that she

would be disqualified to testify to matters equally within the knowledge of the deceased person. She is not exactly in the position of an ordinary bookkeeper or clerk or stenographer. A bookkeeper whose duty it is to enter upon the books the various matters which come into the office for the purpose is a mere clerk; but in this case this young woman collected the money herself and entered it on the books; and it seems to me the rule should be invoked in a case such as this, where the party brought on to testify is the very person interested in the matter of the correctness of the account. She is charged with the duty of making the collection, and then she is brought on to testify that this man did not pay her the money. It seems to me the object of the statute is to exclude just exactly that sort of testimony. If these collections were made by Mr. Dupuis or any other officer or employee of this company and sent in to the office in the regular course of business, and this woman simply entered them on the books, then I think she would be admitted to testify, to identify the books, and upon proper identification we might admit the books in evidence. But under the circumstances of this case the testimony of this young woman, all of it, is incompetent and must be excluded, and the jury will be instructed to pay no attention whatever to her testimony."

The statute excludes the testimony of officers and agents of the corporation. We held in *Krause* v. *Assurance Society*, 105 Mich. 329, 334 (63 N. W. 440), that the testimony of a clerk or stenographer in the office of an agent of the defendant was not excluded by the statute, remarking that:

"She was not in the employ of the company, but was an employee of the general agent at Detroit."

In *Brennan* v. *Railroad Co.*, 93 Mich. 156 (53 N. W. 358), it was said in applying the statute:

"In what sense is the word 'agent' employed? We think this section must be held to include only those who are authorized, in the matter with reference to which testimony is given, to act for the company."

In that case the question was whether a conductor

and brakeman, admittedly agents of the company for some purposes, were agents for a particular purpose. See, also, *Wallace* v. *Mystic Circle*, 121 Mich. 263, 267 (80 N. W. 6).

It is true that the authority of an agent to employ a subagent may be implied; the acts of the subagent being treated in law as the acts of the agent and as such binding on the principal. Mechem on Agency, § 103; *Bodine* v. *Insurance* Co., 51 N. Y. 117 (10 Am. Rep. 566). In a sense, any clerk of an agent who under direction of his employer performs duties which the agent is bound to perform for his principal is a subagent. But we think the legislature, in the statute in question, has not used the term "agent" in this sense. Miss Weisert was a clerk of defendant's agent, without authority from and owing no duty to the defendant. She may have knowledge of matters which were equally within the knowledge of the deceased certificate holder. She was not an agent of defendant within the meaning of the statute, and her testimony ought to have been received. It is said by appellee that, if erroneous, the ruling excluding the testimony of the witness was without prejudice. This contention is rested upon what afterward occurred upon the trial of the case. The record discloses that counsel for defendant said to the court:

"We have a statute that makes it mandatory for a notice to be sent by the agent of the company, and then the statute says in another breath that the agent cannot swear that he sent that notice; then a man might be in arrears for six months, and we could not in any way defend ourselves against such a proposition as that."

The court replied:

"The statute provides a method whereby you could make this proof, but you haven't followed that method."

The statute referred to is 2 Comp. Laws, § 7525, re-

lating to co-operative associations, and provides that an affidavit made by the person having charge of the mailing of such notices shall be *prima facie* evidence thereof.   By stipulation counsel for defendant filed such an affidavit made by Carrie Weisert.   Thereupon counsel for plaintiff recalled her for cross-examination and interrogated her concerning the signing and mailing of the notice.   The notice itself indicated that the member was not at the time of sending the same suspended but would be suspended if the assessment, called to his attention by the notice, was not paid before the end of the month.   It is said that the concession or admission of counsel for the defendant, the language of the statute last above referred to, and the notice sent out negative the fact that a proper notice was sent.   In this connection counsel for plaintiff (appellee) contends that the admission or concession of counsel is binding, citing *Connor* v. *Railway Co.*, 168 Mich. 29 (133 N. W. 1003).   In directing a verdict for plaintiff, the court said that there was no evidence tending to prove any breach of the conditions of his policy and made no specific ruling concerning the effect of the testimony just referred to.

The admission or concession of counsel for the defendant as to the applicability of the statute is not binding upon the courts, and *Connor* v. *Railway Co.* is not an authority in point.   Various considerations, including the laws of defendant, set out in the record influence us not to determine the effect of the notice which was sent to the insured.

The judgment is reversed, and a new trial granted.

The opinion of this court in this case filed December 17, 1912, is recalled.

STEERE, C. J., and MOORE, MCALVAY, BROOKE, KUHN, STONE, and BIRD, JJ., concurred.