ROUSSEAU *v.* BROTHERHOOD OF AMERICAN YEOMEN.

1. INSURANCE—FRATERNAL BENEFIT ASSOCIATIONS—PRESUMPTIONS —EVIDENCE.

Upon the introduction of evidence of an insurance policy in a fraternal benefit association and proof of death of the insured, a presumption of payment of the dues required by the certificate arose, which was not conclusively rebutted by disputed and contradictory evidence in behalf of the defendant tending to show default in the payment of premiums and the sending of a notice of such default to the insured.

2. EVIDENCE — CORRESPONDENCE — PROOF OF MAILING—QUESTION OF FACT—PRESUMPTIONS—BURDEN OF PROOF.

Where the plaintiff claimed, and introduced evidence tending to show, that the insured never received a letter alleged to have been mailed by defendant notifying him of his default in payment of premiums due under a fraternal benefit certificate, and the evidence in defendant's favor was not conclusive in its nature, it became an issue of fact whether insured received the alleged notice of default: the question was not one for the court, although a presumption arose that a letter mailed in the ordinary course of business was duly received by the party to whom it was addressed.

Case-made from Delta; Flannigan, J. Submitted November 13, 1914. (Docket No. 75.) Decided June 7, 1915. Rehearing denied December 22, 1915.

Assumpsit by Eva Rousseau against the Brotherhood of American Yeomen upon a fraternal benefit certificate. Judgment for plaintiff. Defendant brings error. Affirmed.

*Rushton & Riley,* for appellant.

*A. H. Ryall* and *J. L. Loell,* for appellee.

BROOKE, C. J. On April 9, 1910, one Frank L. Rousseau, son of the plaintiff, obtained a policy of insurance in defendant company. On March 20, 1911, the insured came to his death. The defendant company having denied liability, plaintiff commenced suit in assumpsit on said policy. Defendant pleaded the general issue, and gave notice that under said plea it would show that the policy had been canceled for nonpayment of dues and that the insured had been suspended prior to his death; further, that said policy was not in full force and effect at the time of the death of the insured, on the 20th of March, 1911, and that the insured was not a member in good standing at the time of his death. The case has been before this court on a former occasion, and is reported in 177 Mich. 568 (143 N. W. 626). It was there determined that the clerk in the office of the local correspondent was not to be held an agent of the defendant company under section 10212, 3 Comp. Laws (5 How. Stat. [2d Ed.] § 12856), as amended by Act No. 239, Pub. Acts 1901, and Act No. 30, Pub. Acts 1903, and that the evidence of said clerk should have been received.

Section 7525, 2 Comp. Laws (3 How. Stat. [2d Ed.] § 7618), provides:

"No policy or certificate issued by any corporation or association doing business under the provisions of this act shall be canceled for the nonpayment of any assessment, periodical call or dues, without first having mailed to the holder of such policy or certificate, at his or her last known post-office address, a notice stating the amount of such assessment, periodical call or dues, and the limit of time in which the same must be paid. An affidavit made by the person having charge of the mailing of such notices, that any such notice was mailed, stating the date of mailing, shall be *prima facie* evidence thereof."

Upon the trial plaintiff introduced the policy in question, proved the death of the insured, and rested.

Whereupon defendant offered the evidence of one Carrie Weisert, a clerk in the employ of the local correspondent of the defendant company, to prove that the insured, Frank L. Rousseau, was in arrears at the time of his death, and that notice of such fact had been given to him under the statute above set forth. She testified that such notice had been mailed to the deceased on January 5, 1911. The books, such as they were, were received in evidence, and they showed no payments credited upon the account of Rousseau after November, 1910. If they correctly set forth the facts, it is apparent that the premiums becoming payable in December, January, and February had not been paid. Rousseau died on March 20, 1911. Miss Weisert testified, however, positively that the December premium had been paid. If her testimony in this regard is to be believed, it is clear that a notice of suspension dated January 5, 1911, was not properly sent to the deceased, for he was not then in arrears. Under the cross-examination of skillful counsel on behalf of plaintiff, this witness became somewhat confused, and gave contradictory and unsatisfactory answers, the result of which, undoubtedly, was to greatly weaken the probative force of her testimony.

As tending to contradict her statement as to the mailing of the notice, or notices, the plaintiff, to whose residence said notice was addressed, gave evidence that no such notice had been received by her, her son having been absent during the months of January, February, and March, from the home. No other evidence was offered on behalf of plaintiff tending to show payment by the deceased of the premiums for January and February. This being the condition of the record after the evidence was all in, defendant made a motion for a directed verdict, upon the ground that plaintiff had not sustained the burden of proof resting upon her to show that deceased was a member of the defendant order in good standing at the

time of his death. This motion was denied, and the case was submitted to the jury under the following instructions:

"As I have said, the burden is upon the plaintiff, not only to show the issuing of the policy, but the performance of the specifications of its conditions, and among these conditions the performance of the specifications respecting the payment of dues. The law, however, in actions upon insurance policies, presumes in favor of the payment of the premium. That presumption of law, gentlemen, takes the place of positive testimony on the part of the plaintiff to the payment of the premium, and it results that, upon the introduction by the plaintiff of this policy and proof of the death of Frank Rousseau, she is entitled to a verdict for the amount of the policy unless the presumption of law that the premium was paid has been overcome by the testimony introduced here by the defendant; and there, gentlemen, you come to the only question in the case. If the testimony in the case has been sufficient to overcome the presumption of law that the premium was paid, then the verdict here must be for the defendant. The defendant is not bound to prove by a preponderance of evidence that the payment was not made, but the defendant is bound to put into the case evidence fairly tending to show that the payment of this premium was not made, in order that the jury may be able to say that the presumption of the payment has been overcome.

"In determining the question whether or not the presumption of payment has been overcome, you have a right, of course, to take into consideration all the evidence which has been submitted in your presence. Certain books of account have been introduced in evidence. It will be the duty of the jury to look over these books of account in connection with all the testimony relating to the books of account. Do you find from the evidence that the books of account were correctly kept? Do you find that they correctly set forth the transactions between the Brotherhood of American Yeomen and Frank L. Rousseau? These are all questions of fact for the jury. You have a right to take into consideration these books of account in connection with all the other evidence in the case,

and say whether or not, under all the evidence in the case, the presumption of law that the premium was paid has been overcome. As I have said, if you are able to say that it has been overcome, then the verdict must be for the defendant, the insurance company; but, unless you are able to say that that presumption has been overcome, then it will be your duty to render a verdict in favor of the plaintiff."

On behalf of appellant it is urged that this instruction is erroneous. The question for determination, as stated for appellant, is as follows:

"Does a presumption of law on one side and positive testimony on the other make an issue of fact for the jury?"

It seems to be the contention of the appellant that, although plaintiff might have recovered by simply introducing the policy in evidence and proving the death of the insured, under a legal presumption of payment, as soon as defendant introduced any testimony tending to show nonpayment of the premiums for the months in question, the presumption vanished, and a verdict should have been directed by the court in favor of defendant. This view seems to find support in some authorities cited by appellant. In *Lincoln* v. *French*, 105 U. S. 614, it is said:

"Presumptions are indulged to supply the place of facts; they are never allowed against ascertained and established facts. When these appear, presumptions disappear."

In Eliott on Evidence, vol. 1, § 93, the following conclusion is reached by the author:

"A presumption operates to relieve the party in whose favor it operates from going forward in argument or evidence, and serves the purposes of a *prima facie* case until the other party has gone forward with his evidence; but, in itself, it is not evidence, and involves no rule as to the weight of evidence necessary to meet it. How much evidence shall be required from the other party to meet, overcome, or destroy the presumption is determined by no fixed rule."

That a presumption of payment arose in the case at bar in favor of plaintiff is settled by the ·decision of this court in the case of *Petherick* v. *Order of the Amaranth,* 114 Mich. 420 (72 N. W. 262).

In certain cases where presumptions arise in favor of a party, the question whether the opposite party has introduced testimony sufficient to overcome said presumption has also been held by this court to raise a question of fact for the determination of the jury. In *Rauch* v. *Insurance Co.,* 131 Mich. 281 (91 N. W. 160), it is said:

> "The question of whether the letter of January 15th was written, mailed, and received was a question of fact to be determined by the jury, in the light of all the surrounding circumstances. If mailed, the presumption is that the post office officials performed their duty, and that the letter was delivered. The defendant could rebut this by evidence that it did not receive the letter. The testimony of neither party makes a conclusive case, but one of doubt for the jury to solve. It was not a question for the court"—citing *Rosenthal* v. *Walker,* 111 U. S. 185, 4 Sup. Ct. 382.

In the case of *Long-Bell Lumber Co.* v. *Nyman,* 145 Mich. 477 (108 N. W. 1019, 116 Am. St. Rep. 310), the court said:

> "As to the many letters written by plaintiff and mailed in due course of business, the presumption is that they were received by defendant. This presumption may be rebutted by evidence, but whether it was rebutted or not is a question of fact for the jury"— citing Greenleaf on Evidence (15th Ed.), § 40, *Hedden* v. *Roberts,* 134 Mass. 38 (45 Am. Rep. 276), and *Huntley* v. *Whittier,* 105 Mass. 391 (7 Am. Rep. 536).

These two decisions were cited and followed in the recent case of *Baker* v. *Temple,* 160 Mich. 318 (125 N. W. 63). Under the circumstances of this case, and in view of the contradictory and general unsatisfactory character of defendant's proof of nonpayment, we are of opinion that the court properly sub-

mitted to the jury the question as to whether or not the evidence introduced on behalf of defendant was sufficient to overcome the presumption of payment.

The judgment is affirmed.

MCALVAY, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.