## MUTUAL BEN. LIFE INS. CO. OF NEW JERSEY v. SMITH et al.

(District Court, E. D. Michigan, S. D. November 3, 1925.)

. No. 596.

1. **Witnesses ⬱159(8)—Testimony by insured's widow as to agreement under which she paid premiums on policy held incompetent under statute.**

In bill of interpleader to determine conflicting claims to proceeds of insurance as between insured's widow and daughter, testimony of widow that she had paid premiums on policy, which insured intended to let lapse, under agreement with him that she was to be reimbursed therefor, *held* incompetent under Comp. Laws Mich. 1915, § 12553, relating to testimony concerning transactions with one since deceased, notwithstanding estate of deceased was not party to or interested in suit.

2. **Witnesses ⬱141—Testimony of attorney relative to agreement with one since deceased held incompetent.**

In proceeding by bill of interpleader to determine as between insured's widow and daughter, right to proceeds of policy, out of which widow sought to be reimbursed for premiums paid, testimony by attorney, representing widow, as to matters concerning such contract occurring before death of insured, *held* incompetent and inadmissible under Comp. Laws Mich. 1915, § 12553, relating to competency of testimony of agent, who has acted in making or continuing contract with person since deceased.

In Equity. Bill of interpleader by the Mutual Benefit Life Insurance Company of New Jersey against Anita F. Smith and Lillian L. Skinner. Decree for first-named defendant.

Lewis A. Stoneman, of Detroit, Mich., for plaintiff.

A. G. Reily, of Los Angeles, Cal., and Smith, Hunter & Spaulding, all of St. Johns, Mich., for defendant Skinner.

Edward W. Fehling, of St. Johns, Mich., for defendant Smith.

TUTTLE, District Judge. This is a bill of interpleader filed by the plaintiff insur-ance company for the purpose of having the respective rights of two adverse claimants to the proceeds of a certain insurance policy determined in this court, the jurisdiction of which is based upon the requisite diversity of citizenship. The material facts shown by the record are as follows:

November 15, 1911, John F. Skinner obtained a policy of insurance upon his life in the amount of $3,000, in the Mutual Benefit Life Insurance Company of Newark, N. J., the plaintiff insurance company, a New Jersey corporation, in favor of the defendant Anita F. Smith, a citizen and resident of Michigan, and Carroll Skinner, his daughter and son, share and share alike, or to the survivor, in case either should survive the insured; the right to change the beneficiaries being reserved to said insured. October 10, 1921, the insured changed the beneficiaries so as to make the insurance policy payable to said defendant Anita F. Smith, his daughter. October 19, 1921, the insured and his said daughter applied for and obtained from said insurance company a loan of $800 upon said policy as security for such loan. May 30, 1923, the insured died, being survived by his said daughter and his widow, the defendant Lillian L. Skinner, the stepmother of the other defendant. The premiums had been fully paid on said policy, which was still in effect. There is due to the plaintiff insurance company the sum of $825.78, being the amount of said loan and interest thereon, as is conceded by both of the defendants.

Defendant Lillian L. Skinner makes claim to $1,339.77 out of the proceeds of said insurance policy, claiming to have advanced that amount in premiums paid by her on such policy, under an agreement with the insured that she would be reimbursed therefor from said insurance. She claims that before such agreement the insured had expressed his intention of permitting the policy to lapse, and that it was at her solicitation that he permitted her to pay such premiums and thus keep the policy in force. All of these claims are disputed by the defendant Anita F. Smith, who claims to be the sole beneficiary under the policy and to be entitled, as such, to the net proceeds thereof after repayment of the aforesaid loan.

The only evidence having any tendency to support the claim of the defendant widow is the testimony, taken by depositions, of herself and of one of her attorneys. This being a suit in which each of the opposite parties defendant is an heir of the deceased

insured, the competency of the testimony of such parties, in so far as such testimony may be equally within the knowledge of said 'deceased, is subject to, and governed by, the following Michigan statutory provision, being a part of section 12553, Michigan Compiled Laws of 1915:

"When a suit or proceeding is prosecuted or defended by the heirs, assigns, devisees, legatees, or personal representatives of a deceased person, the opposite party, if examined as a witness in his own behalf, shall not be admitted to testify at all to matters which if true must have been equally within the knowledge of such deceased person."

[1] All of the testimony of the defendant widow which could have any possible effect as tending to support her claims herein was equally within the knowledge of the deceased insured, and, therefore, clearly incompetent under the statutory provision just quoted. Wallace v. Fraternal Mystic Circle, 127 Mich. 387, 86 N. W. 853; Great Camp, Knights of the Maccabees, v. Savage, 135 Mich. 459, 464, 98 N. W. 26; Peirson v. McNeal, 137 Mich. 158, 100 N. W. 458; Franken v. Supreme Court, Independent Order of Foresters, 152 Mich. 502, 116 N. W. 188. Nor is such incompetency affected by the fact that the estate of the deceased is not a party to, nor interested in, this suit. Maginn v. Cashin, 196 Mich. 221, 162 N. W. 1009.

[2] The section of the Michigan statute just mentioned contains also the following provision "No person who shall have acted as an agent in the making or continuing of a contract with any person who may have died, shall be a competent witness in any suit involving such contract, as to matters occurring prior to the death of such decedent, on behalf of the principal to such contract against the legal representatives or heirs of such decedent, unless he shall be called by such heirs or legal representatives." It is urged on behalf of the defendant daughter that the statutory language just quoted renders inadmissible the testimony of the attorney already referred to, as to matters equally within the knowledge of the said deceased. I am satisfied that such contention is correct. It is manifest from the record that this attorney, A. G. Reily, has been actively representing the defendant widow, both before and during the pendency of the present suit, in which he is one of the counsel of record, conducting correspondence, examining witnesses, and otherwise acting for her in the "continuing," if not in the "making," of the alleged "contract" between her, as his "principal," and the deceased. His testimony, therefore, in this "suit involving such contract, as to matters occurring prior to the death of such decedent," is incompetent, and inadmissible. Gustafson v. Eger, 132 Mich. 387, 93 N. W. 893; Chapoton v. Prentis, 144 Mich. 283, 107 N. W. 879.

I have, however, examined the entire record, including the incompetent testimony referred to, with care, and I am fully satisfied that, even if the last-mentioned testimony were admissible, the evidence convincingly shows that the present claim of the defendant widow is without basis or merit and merely an afterthought on her part, formed after the death of the deceased, and that she is not entitled to any part of the proceeds of the insurance in question. A decree may be settled in favor of the defendant Anita F. Smith, in accordance with the views expressed in this opinion.