LEAHEY v. STATE LIFE INSURANCE CO.

1. INSURANCE—RECOVERY OF PREMIUMS—PLEADING.

Declaration in assumpsit by assignee of beneficiary of life insurance policy for recovery of first year's premium under his assignor's settlement receipt as explained by defendant's answer and attached agreement of release showing that only question remaining undetermined was as to recovery of said premium, *held*, sufficient to inform defendant of the nature of the cause to be defended (Court Rule No. 19 [1933]).

2. ASSUMPSIT—RECOVERY OF PREMIUMS—PRIMA FACIE PROOF.

In action of assumpsit by assignee of beneficiary of life insurance policy for first year's premium as reserved in settlement receipt, introduction in evidence of delivered policy and premium receipt constitutes *prima facie* proof which entitles plaintiff to judgment, where defendant introduces no testimony.

3. INSURANCE—PRIMA FACIE PROOF OF PAYMENT OF PREMIUM—WAIVER.

Claim of waiver of rule that *prima facie* case is made out for recovery of insurance premium by introduction of delivered policy and premium receipt in evidence is denied, where agreement of release upon which alleged waiver is based is not expressed in clear and unequivocal terms.

Appeal from Menominee; Bell (Frank A.), J. Submitted January 31, 1934. (Docket No. 78, Calendar No. 37,554.) Decided April 3, 1934.

Assumpsit by Wilfred Leahey, assignee of the beneficiary of a life insurance policy, against State Life Insurance Company, a foreign corporation, for alleged compromise value of a life insurance policy. Judgment for defendant. Plaintiff appeals. Reversed, and judgment ordered entered for plaintiff.

*George Barstow,* for plaintiff.

*Doyle & Doyle,* for defendant.

Bushnell, J. Plaintiff, assignee of the beneficiary of a life insurance policy, declared in assumpsit for what he calls the compromise value of the policy, and limited his claim to $458.80, that being the amount of the first year's premium, plus interest and costs. He pleaded payment and possession of a receipt for this amount and set up assignor's settlement receipt indorsed on the policy which reads:

"Marquette, Michigan, March 27, 1933.
"Received of the State Life Insurance Company one dollar and other valuable consideration in full for all claims under this policy No. 446084 now terminated by payment in accordance with agreement of release dated March 16, 1933, except for my right reserved by said agreement of release to recover under said policy the amount of any premium paid thereon.

"(Signed) Flora Edith Harrison.
"In presence of:
"W. L. Leahey
"Geo. Barstow."

Defendant denied the payment of the premium, attached to its answer the agreement of release, and moved to dismiss the declaration as insufficient in law and failing to state a cause of action.

The court, after trying the case without a jury, granted defendant's motion for a judgment in its favor, stated:

"Taking all the facts as true and accepting all the proofs the plaintiff has put in as true, I cannot see the plaintiff is entitled to recover."

Only two questions are involved. Does the declaration state a cause of action? From an examina-

tion of defendant's answer and the attached agreement of release, which explains the settlement receipt set forth in paragraph four of the declaration, we hold that the declaration did reasonably inform the defendant of the nature of the cause it was called upon to defend. Court Rule No. 19 (1933). Appellee claims that it was necessary to allege and prove death by suicide. The agreement of release clearly indicates that the only question left to be determined between the parties was whether the premium had been actually and in fact paid.

Defendant further contends that the agreement of release placed the burden upon plaintiff to prove that the first year's premium had been "actually and in fact paid" and that, under the agreement, the receipt was not to be regarded as sufficient evidence of such payment. There is in evidence the delivered policy itself, dated October 26, 1931, and a receipt for the premium countersigned by its secretary October 29, 1931, and signed by the agent. This ordinarily constitutes *prima facie* proof. *Rosseau* v. *Brotherhood of American Yeomen,* 186 Mich. 101; *Hiscock* v. *Hiscock,* 257 Mich. 16 (78 A. L. R. 953).

Appellee contends, however, that the parties agreed to waive this rule and that plaintiff is required to do more than raise a presumption of payment. If such was the intention of the agreement, it should have been expressed in language that was clear and unequivocal. We have held that courts will not permit the course of justice, upon trials before them, to be stipulated or contracted in such a manner as to defeat the ends to be subserved by such trials. *Utter* v. *Travelers' Insurance Co.,* 65 Mich. 545 (8 Am. St. Rep. 913). We do not construe the agreement as being intended to contract for a change in the rules of evidence and consequently do

not need to pass upon the question of the legality of such an arrangement. Plaintiff made out a *prima facie* case and defendant did not see fit to offer any testimony.

The judgment is reversed and one entered here for $458.80, with interest from March 16, 1933. The appellant shall have his costs.

Nelson Sharpe, C. J., and Potter, North, Fead, Wiest, Butzel, and Edward M. Sharpe, JJ., concurred.